STRAUGHAN *v.* INGE.

STRAUGHAN
v.
INGE.

Under the act of 1847 authorizing writs of *ne exeat*, a justice had no authority to issue the writ until the complainant had filed a bond, with security to the acceptance of the justice, for the payment of costs, and the damages to which the defendant might be entitled in case the issuing of the writ had been procured without cause.

The jurisdiction of a justice of the peace (as of inferior tribunals generally) must appear by the record, there being no presumption of such jurisdiction.

APPEAL from the *Putnam* Circuit Court.

Wednesday,
May 31.

DAVISON, J.—On the 5th of *October*, 1848, *Samuel Inge* filed his affidavit before a justice of the peace, and thereupon sued out a writ of *ne exeat* against *Straughan*. The affidavit charges that *Straughan* was indebted to the complainant 53 dollars, by note due the 25th of *December*, 1848, and that he had good reason to believe, and did verily believe, that *Straughan* was about to remove from this state, taking with him property subject to execution, or monies or effects with which the debt should be, in whole or in part, satisfied or secured, with intent to defraud the complainant. No bond appears to have been filed before the justice prior to the issuing of the writ.

*Straughan* was arrested, and after the return of the writ, "moved to be released." The justice overruled the motion, proceeded to try the cause, and gave judgment for *Inge*. *Straughan* appealed.

In the Circuit Court he moved to quash the writ. This motion was overruled. The Court tried the cause, found for *Inge*, and ordered *Straughan* to give bond, &c.

In these proceedings there is a fatal defect. It is not shown by the record that a bond was filed before the writ issued. By an act in force when this suit was commenced, it was provided that, "No writ of *ne exeat* shall be issued" by a justice of the peace, "until the complainant applying for such writ shall have filed his bond, with security to the acceptance of the justice, for the payment of the costs that may accrue on such writ, and the damages the defendant may be entitled to in case the plaintiff may have procured

May Term,
1854.

the issuing of said writ without cause." Acts of 1847, p. 82, sec. 11. The statute is imperative. Until a bond was filed, the justice had no authority to issue the writ.

No presumption is made in favor of an inferior tribunal. Jurisdiction must appear upon the face of its proceedings. 19 Johns. R. 39.—1 Blackf. 85.—5 Blackf. 273.

The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. M. Hanna,* for the appellant.

*W. A. McKenzie,* for the appellee.