## GEORGE F. RASH *vs.* JOHN WHITNEY.

The defendant in an action of trespass, with his plea, gave a notice setting up a certain judgment before a Justice of the Peace, and sundry facts set forth with great particularity, preliminary to the issuing of execution thereon, and, on the trial, offered to read the docket entry of the judgment; to which the plaintiff objected, because all the preliminary facts set forth in the notice had not been proven.

*Held*, that the objection should specify what particular facts were not proven, and being too general, that it was properly overruled.

Where the docket entry in a cause showed judgment rendered and execution issued on the same day, it will be presumed execution was awarded at the *same* time judgment was rendered; in which case the notice required by Revised Statutes, Chapter 93, Section 113, where execution is issued before five days have elapsed, need not be given.

The evidence in support of an application for execution, before the expiration of the five days, is not required to be in writing. It may be by parol. Nor is the Justice required to set forth in his docket the facts stated, in support of the application. Where the docket recites that the party *stated*, under oath, etc., a statement of the necessary facts will be inferred.

But, if the evidence in support of the application were incompetent, and the Statute made the statement of facts and circumstances the only evidence upon which the execution could issue, then, what would be competent evidence, would be a question for the Justice to determine; and, if he awarded execution upon improper testimony, it would be erroneous, merely, and not excess of jurisdiction.

George F. Rash *vs.* John Whitney.

It is not necessary, as preliminary to secondary proof of the contents of a lost execution, to show a search among the papers of an attorney who once produced and read it on a trial before the Justice in whose legal custody it then was.

This was an action of trespass brought by Rash against Whitney, to recover damages for taking and carrying away one hundred and five bushels of wheat.

The defendant plead the general issue, and gave notice that he should prove, in defence of the action, that he recovered a judgment against one Myron Rash, before E. Lawrence, a Justice of the Peace for Washtenaw County ; that execution was issued thereon, and levied upon the wheat in question, which was then the property of Myron Rash ; that the wheat was afterwards sold under and by virtue of this execution ; and that, upon such sale, Whitney became the purchaser thereof. The notice set forth these facts with great particularity—stating, among other things, that the summons in the suit against Myron Rash was issued and signed by Lawrence ; that, when it issued, Truman Goodspeed was constable in and for said County of Washtenaw; and that, as such constable, he served the summons personally on Myron Rash by reading the same to him, and delivering to him a copy thereof, etc.

It appears, from the bill of exceptions returned with the record, that, on the trial in the Court below, the defendant called E. Lawrence as a witness, who testified that he was a Justice of the Peace during the month of January, 1850 ; and that a book produced was his docket as such Justice, etc.; and then the defendant offered to read in evidence the following entries in said docket :

" John Whitney *vs.* Myron Rash—*January 2d*, 1850.—A summons issued, returnable January 10th, at 10 o'clock, A. M.

"*January 10th.*—Summons was returned, personally served on the 3d instant, by Truman Goodspeed, constable. Fees, 56 cents.

"*January* 10*th*, 1850.—The plaintiff appeared, but the defendant came not. The plaintiff declared in an action of assumpsit on the common counts; damages, $100. J. M. Edmonds was sworn as a witness, and, after hearing the proofs of the plaintiff, judgment was rendered in favor of the plaintiff for the sum of one hundred dollars damages, and twenty-seven cents costs of suit.

"E. LAWRENCE,
"*Justice of the Peace.*"

To the reading of these entries in evidence, the plaintiff objected, "unless the defendant should first show all the preliminary facts as to the issuing, serving, and return of the summons, as particularly as they were set out in his notice of defence." The Court overruled the objection, and admitted the evidence, and the plaintiff thereupon excepted.

The defendant then offered to read in evidence from the Justice's docket, the following additional entry in the same cause, viz. :

"*January* 10*th*, 1850.—The plaintiff having stated, under oath, that he was in danger of losing his debt unless execution issued immediately, execution was issued and delivered to the plaintiff."

To this the plaintiff's counsel objected, on the ground that it did not appear : 1. That the judgment debtor was notified of the application for execution; nor, 2. That such preliminary proof was adduceed before the Justice as gave him jurisdiction to issue the execution. These objections were overruled by the Court, and the evidence received ; whereupon the plaintiff excepted.

The defendant then called several witnesses, whose testimony tended to prove that, on the expiration of the term of Justice Lawrence, his docket and files were delivered to Justice Fletcher, his immediate successor ; that, after that, they
63

passed successively, in pursuance of the statute, into the possession of several different Justices of the Peace, the successors of each other ; and that unavailing search had been made among the papers of each of these Justices for the execution which was issued by Justice Lawrence on the above mentioned judgment, and which was shown to have been duly returned to him.　It appeared, from the testimony of a witness called on the part of the plaintiff, in the course of this preliminary inquiry as to the loss of the execution, that, on a trial of the present cause before Justice Fletcher, and at a time when the docket and files of Justice Lawrence were in his custody, Mr. Ramsdell, the attorney who conducted the trial on the part of the defence, had the execution in his possession, and read it in evidence.

In this state of the evidence, the defendant offered to prove the contents of the execution by parol.　This was objected to on the part of the plaintiff, on the ground that the loss of the execution had not been sufficiently proved—it not having been shown that any search had been made for it among the papers of Mr. Ramsdell.　The objection was overruled, and the parol evidence admitted ; whereupon the plaintiff excepted.

The jury returned a verdict in favor of the defendant, and judgment having been rendered thereon, the plaintiff sued out a writ of error to reverse the judgment, and assigns for error the overruling of his several objections to evidence offered on the part of the defence.

*O. Hawkins*, for the plaintiffs in error.

*J. M. Walker*, for the defendant in error.

DOUGLASS, J.

1. It is first insisted that the Circuit erred in overruling the plaintiff's objection to the reading in evidence of the entries

in the Justice's docket, respecting the proceedings in the case of Whitney against Myron Rash, on the ground that the defendant had not proved all the preliminary facts as to the issuing, service, and return of the summons in that cause, as particularly as the same were set out in his notice of defence. But, as the objection did not point out specifically what particularly preliminary facts alleged were not proved, we think it was, for that reason, altogether too general to avail the plaintiff on error. It would be productive of great mishiefs in practice, if, under the cover of an objection so vague and general as this, a party could conceal from the knowledge of the Court, and of his adversary, the particular defect in his adversary's evidence of which he complained, until the trial was closed, and all opportunity for supplying the defect was passed, and then to be allowed to take advantage of it on error to this Court. (*Underhill* vs. *Pomeroy*, 2 *Hill*, 603; *Watson's Ex'rs* vs. *McLaren*, 19 *Wend.*, 557.)

2. The next error assigned, is in improperly admitting in evidence the entry on the Justice's docket, respecting the application for and award of execution on the judgment in favor of Whitney and against Myron Rash.

The statutes in force at that time prohibited the issuing of execution upon such a judgment, until the expiration of five days from the rendition of the judgment, except where the party obtaining the judgment should make it appear, *by his own oath, or other competent testimony, to the satisfaction of the Justice*, that he would be in danger of losing the amount recovered, unless execution issued sooner, in which case the Justice was authorized to issue execution immediately, if the same were not stayed, etc. (*R. S., Ch.* 93, § 111, 112; *S. L.*, 1847, *p.* 170.)

The statute also prescribed that, unless such application for execution was made at the time of rendering judgment, reasonable notice thereof should be given to the defendant. (*R. S., Ch.* 93, § 113.)

It is insisted that the docket entry last referred to was of no validity as an award of execution, because it did not show that these statutory prerequisitions had been complied with.

And, in the first place, it is claimed that it should have appeared that notice of the application for execution was given to the judgment debtor. Manifestly, the purpose for which notice was required by section 143, was, not to give the judgment debtor an opportunity to appear and controvert the evidence on which the application was founded, but merely to enable him to stay execution by giving security, etc., if he elected to do so. (*Moulton* vs. *Kavana*, 2 *Wend.*, 649, *per Cowen*, *J.*) The statute does not forbid the issuing of execution, or declare that it shall be void if issued without notice. It is unnecessary to decide whether the want of such notice, in a case where the statute required it, would be a jurisdictional defect, or only a mere irregularity. (*See Coggswell* vs. *Cole*, 21 *Wend.*, *per Bronson*, *J.*)

The docket shows that judgment was rendered and execution awarded on the same day. It does not expressly state at what time of the day either act was done. If the award of execution was after the cause had been determined, and the parties had left the Justice's office, I have no doubt it would be at least irregular without notice. (*Krumeick* vs. *Krumeick*, 2 *Green*, *N. J.* 39.) But I think the legal presumption, from what appears on the docket, is, that execution was awarded *at the time* judgment was rendered ; and if so, this was not a case where notice was required. This view seems to be sustained by Rex *vs.* Thompson (2 *T. R.*, 18), and Rex *vs.* Lovet (7 *Ib.*, 134), in which it was held that where a Justice's conviction stated that the defendant appeared and the evidence was given on the same day, it would be presumed that the evidence was given in the presence of the defendant ; and also by King *vs.* Swallow (8 *T. R.*, 284), where the same presumption was held to arise

in a case where conviction showed that appearance was at one place and the evidence at another.

Again : it is insisted that the award of execution was void, and ought, therefore, to have been rejected, because it appeared on its face to have been based upon evidence insufficient to authorize it.

Probably it was unnecessary for the Justice to have set forth on his docket what evidence was adduced in support of the application for execution. It is not required to be in writing. I think the statute contemplates that it may be by parol. (*Stewart* vs. *Hawley*, 21 *Wend.*, 555; *Basten* vs. *Carew*, 3 *Bam. L. Cr.*, 649.) And I am inclined to the opinion, that a mere statement of the result of the evidence would have been sufficient to satisfy the rule, that the jurisdiction of Courts of inferior and limited jurisdiction must appear on the face of their proceedings. See Martin *vs.* Walker, 15 Ill. R., 377; Hart *vs.* Fizer, 4 Humph. R., 48; People *vs.* Mack, 1 Park Cr. Tr., 567.

But, in this case, the Justice has set forth the evidence upon which he acted. The docket entry is : "The plaintiff having *stated* under oath that he was in danger of losing his debt unless," etc., "execution was issued," .etc. We think a fair interpretation of this language compels us to infer that it is a statement of all the evidence, and, if so, this evidence amounts to nothing more than the plaintiff's belief of danger. (*Ex parte Robinson*, 21 *Wend.*, 672; 6 *Hill*, 431.) Now, the statute requires that the party applying for an execution in such a case "shall make it appear, by his own oath, or other competent evidence, to the satisfaction of the Justice, that he will be in danger of losing his debt, unless," etc. The statute is not explicit as to what kind of evidence shall be required. And, as was remarked by Cowen, J., in *Ex parte* Haynes (18 *Wend.*, 612), there is no branch of the law of evidence in which the cases are so far from consistency as they appear to be in respect to the amount of proof, or even

what shall be considered proof, for the purpose of these *ex parte* applications for process. In *Ex parte* Fitch (2 *Wend.*, 298), it was held that an oath of mere belief was sufficient under a statute which required "proof to the satisfaction of the Judge." We are not satisfied that the oath of mere belief was wholly incompetent under our statute. We think it might properly have been received as cumulative evidence, or by way of testing the good faith of the application. (6 *Hill*, 431.) Still, we are clearly of the opinion that it was never contemplated by the statute that execution should be awarded upon this evidence alone. The Justice should require proof of facts and circumstances tending to show danger. And an award based solely upon such evidence as appears in the docket entry under consideration is clearly erroneous, and would be reversed if under review on certiorari. (*Krumeick* vs. *Krumeick*, 2 *Green*, *N. J. R.*, 39; *Shay* vs. *Norton*, 1 *Har. N. J. R.*, 378; *Tiff. Tr.*, 213.) But, whether it is void for want of jurisdiction, when assailed collaterally, is quite another question.

Clearly, it would have been void, if *no* evidence had been adduced to prove the fact of which the Justice is required to be satisfied, for the statute expressly forbids the issuing of execution within five days after judgment, without proof of this fact to the satisfaction of the Justice. (*Ezra* vs. *Manlove*, 7 *Blackf.*, 389; *Gresham* vs. *Bowen*, *Ib.*, 423; *Strauhan* vs. *Inge*, 5 *Ind.*, 157; *Poulk* vs. *Slocum*, 3 *Blackf.*, 421; *Briggs* vs. *Wardwell*, 10 *Mass.*, 356; *Sullivan* vs. *Jones*, 2 *Gray*, 570; *Vosburgh* vs. *Welsh*, 11 *John. R.*, 175; *Adkins* vs. *Brewer*, 3 *Cowen*, 206; *Waters* vs. *Whitamore*, 13 *Barb. S. C. R.*, 634; 8 *Cowen*, 370.) So it would have been equally void if the statute had, in clear and explicit terms, made the proof of facts and circumstances an essential prerequisite, and the Justice had acted upon a mere oath of belief: Loder *vs.* Phelps (13 *Wend.*, 46); Staples *vs.* Fairchild (4 *Coms.*, 41); Broadhead *vs.* McConnell (3 *Barb. S. C. R.*, 175); where,

George F. Rash *vs.* John Whitney.

for such a defect, proceedings were adjudged void, when questioned collaterally; and Smith *vs.* Luce (14 *Wend.*, 237; *Ex parte* Haynes (18 *Wend.* 611); Tallman *vs.* Bigelow (10 *Wend.*, 421); *Ex parte* Robinson (21 *Wend*, 672); Matter of Falkner (7 *Hill*, 181); People *vs.* The Recorder of Albany (6 *Hill*, 429); Miller *vs.* Binkerhoff (4 *Denio*, 119); where, for a like defect, they were reversed on error.

In the case last cited, Bronson, Chief Justice, states the general principle to be, that when certain facts are to be proved to a Court of special and limited jurisdiction as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void in whatever form the question may arise. But when the proof has a legal tendency to make out a proper case in all its parts for issuing process, then, although the proof may be slight and inconclusive, the process will be valid until set aside in a direct proceeding for that purpose. In the one case, the Court acts without authority; in the other, it only errs in judgment upon a question properly before it for adjudication. In the one case, there is a defect of jurisdiction; in the other, there is an error of judgment. Want of jurisdiction makes the act void; but a mistake concerning the just weight and importance of evidence only makes the act erroneous, and it will stand good until reversed. Now, if we are inclined to think the oath of mere belief, upon which the award of execution now under consideration appears to have been based, was competent evidence to prove the fact of danger, then clearly there was some evidence to prove that fact, and, upon the principle here laid down, the award is valid until reversed in a direct proceeding for that purpose.

But, suppose this evidence was incompetent, and that the only evidence upon which the Justice could properly act under the statute was proof of facts and circumstances—we still think the award of execution was erroneous merely, and

not void. The statute did not, in express terms, require proof of facts and circumstances as prerequisite, as was the case with the New York statute which came under consideration in the cases above referred to. What was competent evidence under that statute, was a question which the Justice, in the exercise of his judicial discretion, was called upon to determine, and a question of no little doubt and difficulty. And, if he erred in determining it, and awarded execution upon improper, though colorable evidence, we think this was a mere error of judgment, and not an excess of jurisdiction. On this point, we may be pardoned for referring somewhat at length to one or two adjudicated cases.

Cave *vs.* Mountain (1 *Mann. & Gr.*, 257), was an action of trespass against a magistrate who had issued a warrant against the plaintiff, by virtue of which he had been arrested and imprisoned, to await further examination on a charge of having feloniously cut certain trees. It was contended that the defendant had exceeded his jurisdiction in issuing the warrant, because it was issued without any proper complaint on oath. Tindal, C. J., in delivering the opinion, said : " This objection is answered in part by the fact that there was a regular information on oath laid before the magistrate. That it does not disclose any legal evidence of the guilt of the prisoner, is true. It states nothing beyond mere hearsay, upon which neither Judges nor juries could act. But, at the utmost, this amounts to no more than an error in judgment on the part of the magistrate ; and no case can be found in which a magistrate, acting without his jurisdiction, has been held liable in an action of trespass, for a mere error of judgment." Harman *vs.* Brotherson (1 *Denio*, 537), is a similar case. There it was held that an officer authorized to grant orders to hold to bail, acted judicially in making such orders, and was not liable for false imprisonment in consequence of an arrest upon process, on which he had endorsed an order upon an affidavit conceded to be insufficient because all its

George F. Rash *vs.* John Whitney.

material statements were upon hearsay information and belief—the affidavit presenting a case for the exercise of the officer's judgment. In each of these cases, the officer would clearly have been liable, if there had been any excess of jurisdiction. See also Stewart *vs.* Hawley (21 *Wend.*, 552; 8 *Cowen*, 37; 10 *Wend.*, 422).

Upon the whole, we are of the opinion that the Court below did not err in overruling the plaintiff's objections to the reading in evidence of the docket entry respecting the award of execution against Myron Rash. The nature of those objections does not call upon us to decide whether the docket entry is not defective in not showing that, upon the evidence before him, the Justice was satisfied of the fact of danger.

3. As to the third and last error assigned, we are clearly of the opinion that it was without foundation. The preliminary proof of the loss of the execution against Myron Rash, was clearly sufficient to justify the admission of parol evidence of its contents. No search among Ramsdell's papers was necessary to be shown, because the possession of the execution by him, for the purpose of reading it in evidence on a trial before the same Justice in whose legal custody it then was, did not raise any presumption that he retained possession afterwards.

The judgment below, must, therefore, be affirmed with costs.

Present, DOUGLASS, GREEN, COPELAND, MARTIN, J. J.