JOSEPH SAGER, Appellant, vs. MICHAEL HARRISON, Appellee.

A Justice has no jurisdiction to enter judgment after four days from the day the cause is submit ted to him.

A Justice's return showed that the cause was tried before him October 12, 1870, and that he took four days in which to render his judgment—that he rendered judgment October 17, 1870. *Held*, That although the return showed that the cause was decided five days after the *trial*, nothing appearing in the return to the contrary, the legal presumption is that the cause was not *submitted* to the Justice for final decision, until after the 12th of October —that the docket entries required by the statute, having been made, and the law not requiring the docket to show when the cause is *submitted* for final decision, the ordinary presumption in favor of the correctness of official action must support the proceedings.

*Kalamazoo Circuit, May*, 1871.

Motion to dismiss appeal.

The return of the Justice shows that issue was joined between the parties, and adds, " The said cause was then adjourned until the 12th day of October, 1870, at one o'clock in the afternoon, at which time the parties again appeared "before me, and the cause was tried before me without a jury. After hearing the proofs and allegations in the cause I took four days to deliberate upon the matter. After due deliberation I decided no cause of action, and that on the 17th day of October, 1870, I rendered judgment against the plaintiff in the sum of ten dollars and costs of suit."

*O. T. Tuthill*, for the motion.

*Edwards & Sherwood, Contra.*

*By the Court*, BROWN, J.—The grounds relied upon in support of this motion, are

1. The judgment was rendered by the Justice on the 17th of October, while the trial was held on the 12th, or more than five days before the entry of judgment.

2. That the declaration does not state a cause of action.

I do not think the Court upon this motion, can properly be called upon to pass upon the declaration. There is that in the case which purports to be a declaration, and upon which the parties went to trial before the magistrate.

In relation to the first point, the statute requires the Justice to render judgment and enter the same in his docket within four days after the cause shall have been submitted to him for his final decision. *C. L.*, § 3784.

I have no doubt that a judgment rendered by a Justice after the expiration of four days from the day of submitting the cause to him for his final decision, would be a nullity. 19 *Wend.*, 371; 6 *Hill*, 38; 3 *Denio*, 72; 5 *Hill*, 60; 7 *Hill*, 503.

Inasmuch as a Justice's Court is one of limited jurisdiction with such powers only as are conferred by statute, it is necessary that everything pertaining to the exercise of jurisdiction accord with the requirements of the statute, and whatever the statute requires must affirmatively appear, and no mere presumption will be allowed to supply the want of such showing.

The statute requires that certain entries be made in the Justice's docket, and if those entries do not appear, the presumption is that the occasion for such entry never occurred—that the act or acts of which the law requires a record, never transpired: But when the docket entries comply with the statute, the ordinary presumption in favor of the correctness of official action must support the proceedings. *Peck vs. Covell*, 16 *Mich.*, 9; *Rush vs. Whitney*, 4 *Mich.*, 495. The statute, *C. L.*, § 3890, specifies the things which shall appear on the Justice's docket.—Amongst other things, he is to enter the time when the trial was had, the judgment rendered by him, and the time of rendering the same. In making his return to an appeal, he is required to show, amongst other things, the judgment rendered, and the time of rendering the same, but it does not require him to state when the cause was submitted to him. It is often the case that a trial of a cause may be commenced on one day, and not be submitted for final decision until a day or two later. To sustain this motion would be to find that the cause was submitted to the Justice for his final decision on the 12th of October.

2

I do not think such a conclusion is *necessarily* to be drawn from the language of the return. This being so, the ordinary presumption in favor of the correctness of official action, must lead us to the conclusion that the cause was not submitted to the Justice for his final decision until the 13th of October.

The motion must be denied.