Territory of New Mexico v. Valencia.

THE TERRITORY OF NEW MEXICO, Appellee, v. LUIS VALENCIA, Appellant.

*January 24, 181.*

JUSTICE OF THE PEACE. (1) *Jurisdiction of, limited, and must appear affirmatively.*

SAME. (2) *Complaint before, must show jurisdictional and substantial facts.*

CRIMINAL CASE. (3) *Dismissal of appeal from justice of the peace by district court, need not be ordered until indictment found or information filed.*

1. The jurisdiction of a justice of the peace is inferior, special and limited by statute to specific territorial boundaries, established by law as a county, town, or incorporated city, and to specific subject matters, such as assault and battery, suits to recover debts where the amount claimed does not exceed $100, etc. Such jurisdiction must appear affirmatively from the record of the proceedings; it cannot be presumed.

2. In a complaint for a misdemeanor before a justice of the peace, all the technicalities of an indictment need not be observed. If there be a substantial statement of the offense, it will be sufficient. But the facts conferring jurisdiction upon the justice must appear, and where a complaint for an assault and battery failed to show where the offense was committed, except that it was done upon the property of the prosecuting witness (not showing the county in which that property was situate, or that it was within the jurisdiction of the justice), the prosecution under such complaint should be dismissed on appeal to the district court.

3. But if it appears by evidence, that the misdemeanor complained of was committed by the defendant, the appeal from the justice of the peace may remain undisposed of in the discretion of the district court until the prosecuting attorney shall have filed an information, or the grand jury found an indictment, when the proceedings under the appeal may be dismissed and the district court take original jurisdiction of the offense and proceed to trial while the defendant and witnesses are present in court.

Appeal from the First Judicial District, Taos county.
PRINCE, J.

The appellant in this case is charged with assault and battery. The case originated before a justice of the peace

within and for Taos county; was appealed to district court, where defendant was found guilty. It is brought here on appeal.

*Conway & Risque*, for appellant.

Appellant claims that, from errors manifest on the face of the record, neither the justice of the peace nor the district court had jurisdiction. 1st. The complaint is a species of legal nondescript attempting to charge assault and battery, and at the same time seeking to recover damages for injuries alleged to have been done to the field of prosecuting witness by cattle of defendant—a proceeding utterly foreign to our law, and, we believe, to any system of jurisprudence. 2d. There is no venue laid in the sworn declaration or complaint. As to venue, see Archibold's Criminal Pleading, pp. 46, 47 and 49.

3d. There is no charge or crime known to the laws of this territory made out in the sworn declaration. The proceeding is brought under sec. 11, p. 360, Compiled Laws, 1865, but does not in any manner follow the language of the statute, and the word "unlawfully" is not used at all.

The supreme court of this territory, in the case of

, has decided that the omission of the word "unlawful" is a fatal defect in an indictment.

4th. For the reasons above stated, the court below erred in overruling motions for new trial and in arrest of judgment.

*C. H. Gildersleeve*, for appellee.

In this case there is no bill of exceptions snowing the evidence adduced on the trial of said cause, or the charge of the court to the jury. The defendant's ground of appeal is based solely on alleged want of jurisdiction in the district court, apparent on the record, on account of informalities in the justice's court.

The complaint is based on sec. 16, p. 362, Compiled Laws, N. M. By sec. 15, Compiled Laws, p. 206, all appeals

from inferior tribunals shall be tried anew on their merits, as if no trial had been had below.

In criminal proceedings before justices of peace for misdemeanors, technical accuracy is not required: 4 Chand. (Mich.), 148; 10 Me. (1 Fairf.), 473; 25 Ala., 221; 19 Ala., 11; 3 Ill. (2 Scam.), 7.

Sufficient appears on the face of the complaint before the justice of peace to show that an assault and battery was committed in a "rude and insolent manner," and that the accused violated a criminal law of the territory, and was tried for that offense.

The appellate court should try an appeal from a justice of the peace according to justice, regardless of any defect in the warrant, summons, or other proceedings of the justice: *Berry v. Brown* (Minor), Ala., 57; *Gayle v. Turner*, 204.

BRISTOL, Associate Justice:  This is a criminal prosecution for assault and battery commenced by the territory against Luis Valencia, the defendant below and appellant here, before a justice of the peace of Taos county.

The defendant was tried by a jury, convicted and sentenced in the justice's court to pay a fine of $10, and judgment was rendered in that court for such fine and costs.

The complaint on which the defendant was arrested, tried and convicted before the justice of the peace is as follows:

"TERRITORY OF MEXICO,
   COUNTY OF TAOS.

" According to and under the oath of Julian Martines, this 11th day of the month of September, 1879, about 10 o'clock in the morning, and under his oath and affirmation declares and says that to-day, the 11th of September, 1879, about 7 o'clock in the morning, a certain Luis Balencia, in a rude and insolent manner assaulted and beat Manuel Martines on his own property, and further, the same Julian Martines

claims of the accused Luis Balencia $40 forty dollars for damages suffered in his field by animals of said Valencia."

"Now, therefore, I entreat justice in the name of the territory of N. M., that it assist me, so help me God.

"Ranch of Taos, N. M., Sept. 11, A. D. 1879.

"JULIAN $\overset{\text{His}}{\underset{\text{mark.}}{+}}$ MARTINES.

"Sworn to and subscribed before me, in my office, Precinct No. 3, in said county, to-day, Sept. 11, A. D. 1879.

"JOSE MIGUEL NIGEL,
"*Justice of the Peace.*"

It appears from the docket entries of the justice that the parties interested settled the matter of damages mentioned in the complaint, and that the justice only took cognizance of the charge of assault and battery. It also appears from said docket entries that the defendant moved a dismissal of the cause, which was overruled by the justice before the jury was called.

The verdict of the jury on the trial, before the justice, was as follows:

"We, the jury, are unanimously of opinion that we find the accused guilty according to the law and the evidence."

Upon this verdict the justice assessed the punishment at a fine of $10, and gave judgment therefor and costs.

From this judgment the defendant appealed to the district court in and for said Taos county. The case was brought to trial before a jury in that court, at the last September term thereof, the defendant at the time interposing no objection thereto. The jury found "the said defendant guilty in manner and form as charged in the complaint herein." The defendant interposed a motion for a new trial, also for arrest of the judgment, assigning various grounds, among which was that the court below had acquired no jurisdiction to proceed against the defendant in the premises on the complaint aforesaid of Julian Martines. The motions were

overruled and the district court assessed the " punishment of the defendant at a fine of $10, and rendered judgment for such fine and costs." The case is here by appeal from this judgment.

No bill of exceptions appears of record; no evidence adduced on the trial is before this court, and the only question raised upon the record which we can consider, is whether the court below had jurisdiction.

The jurisdiction of a justice of the peace is inferior, special and limited by statute to specific territorial boundaries established by law as a county, town, or incorporated city, and to specific subject matters as assault and battery suits to recover debts where the amount claimed does not exceed $100, etc. Such jurisdiction must appear affirmatively from the record of the proceedings; it cannot be presumed: *Reeves v. Clark*, 5 Ark., 27; *Stranham v. Inge*, 5 Ind., 157; *Bigelow v. Steanes*, 19 John., 39; *Bridge v. Ford*, 4 Mass., 641. This principle is laid down as law in all the books on the subject.

It has been held that a conviction before a justice will be quashed, if the record thereof does not show the place where his court was held, on the ground that it must appear of record that the justice acted within the sphere of his jurisdiction: *Brackett v. The State*, 2 Taylor (Vt.), 167. It is true that in a complaint for a misdemeanor before a justice all the technicalities of an indictment will not be observed. If there be a substantial statement of the offense, it will be sufficient: 4 Wis., 148. But even in this respect it has been held that if in a complaint for larceny before a justice the goods alleged to have been stolen be described in a schedule annexed to the complaint, and not in the body thereof, the complaint will be bad: *Cummings' Case*, 3 Me. (3 Greenl.), 51. That there must be some kind of substantial statement covering all the essential elements of the offense, also covering the facts conferring jurisdiction, is quite evi-

dent, in order to constitute a criminal prosecution before a justice, due course of law.

The district court, under our statute, could not assume a more enlarged jurisdiction on appeal than was conferred on the justice. In the complaint in this case there is no statement as to where the assault and battery was committed, except that it occurred on the property of Manuel Martines; in what county the property was situated does not appear. The language of the verdict is, "the jury find the said defendant guilty in manner and form as charged in the complaint herein."

The meaning of the verdict therefore is, that on the 11th of September, 1879, about 7 o'clock in the morning, Luis Valencia, in a rude and insolent manner, assaulted and beat Manuel Martines on his own property.

The territorial jurisdiction of the justice in criminal prosecutions was limited by law to the county of Taos. It does not appear affirmatively or otherwise, on the record, that the offense complained of was committed in that county. We have no right to presume that it was. In dismissing the prosecution thus commenced, it by no means follows that there need be a failure of justice in the district court. If it appears by evidence that an offense of this kind was committed by the defendant, the appeal may remain undisposed of, in the discretion of the court, until the prosecuting attorney shall have filed an information, or the grand jury found an indictment, when the proceedings under the appeal may be dismissed and the district court take original jurisdiction of the offense and proceed to trial, while the defendant and witnesses are present in court. There can be no doubt that this course would be better and more conformable to law than to sustain a record so defective as this.

The jurisdiction of the justice not appearing from the record of the proceedings, it follows that the judgment below ought to be reversed and the prosecution dismissed.

And it is so ordered. All concur.