[No. 1675, September 7, 1914.]

W. F. BRASSWELL, Appellee, vs. T. H. HALLIBURTON, Appellant.

### SYLLABUS BY THE COURT.

1.   An action for forcible entry or unlawful detainer of real property must be prosecuted before the justice of the peace in the precinct where the property is situated.

P. 388

2.   If there be no justice of the peace in the precinct where the premises are situated, able or qualified to act, this fact must affirmatively appear from the record and should be in-incorporated in the complaint in the cause, in order that the jurisdiction of the justice of the peace in an adjoining precinct, who may be called upon to act under such circumstances, may fully appear.

P. 388

Appeal from District Court, Curry County; Merritt C. Mechem, Presiding Judge. Reversed.

H. D. TERRELL, for appellant.

Notice to vacate. Chap. 32, 1901; 126 Ill. 18; 23 Ill. App. 552; 19 Cyc. 1147; 1 Col. 177; 23 Neb. 257; 24 Ill. 192; 6 Okl. 328; 2 N. M. 108; 5 N. M. 406, 404; 11 N. M. 447, 346.

### STATEMENT OF FACTS.

This is an action in forcible entry and unlawful detainer, instituted by appellee before the justice of the peace

of Precinct No. 1 of Curry County, New Mexico, on December 30, 1913.

The lands alleged to have been forcibly entered upon and unlawfully detained are situated in Section 33, Township 2, North of Range 36, in Curry County, and were and are in Precinct No. 9 of said County, there being a duly qualified and acting justice of the peace in Precinct No. 9, as shown by the stipulation as to the facts in this case.

At the trial·had in the justice court, plaintiff recovered judgment of removal from the premises described in the complaint, excepting a portion thereof, and his damages were assessed at $30.00. The appellant appealing to the district court of Curry County, where a trial by jury was had, resulting in a verdict finding the issues in favor of the plaintiff, the appellee in this court, and assessing damages against the defendant, or appellant in this court. Whereupon appellant filed a motion for a judgment non obstante veredicto, and in the alternative for a new trial, the motion being overruled and judgment for appellee given in accordance with the verdict.

## OPINION.

HANNA, J.—The motion for a judgment non obstante veredicto, among other grounds therefor, which we find it unnecessary to pass upon, was based upon the 'ground that the justice court had no jurisdiction to try the case because the land was and is situated in Precinct No. 9, and not in Precinct No. 1, where the cause was instituted and that jurisdiction was not and could not be affirmatively shown. And that said justice of the peace court in Precinct No. 1, being without jurisdiction, the district court and this court is without jurisdiction to entertain the cause.

The proceeding is based upon Section 3345, C. L. 1897, the essential portion of which, as applied to this case, reading as follows:

"Section 3345. An action for forcible entry or unlawful detainer of real property may be prosecuted before any justice·of the peace in the precinct where the property is situated, in the following cases. ' ” ’ ’ ”.

It is, therefore, apparent by the plain terms of the section referred to, that an action for forcible entry or unlawful detainer of real property when brought in a justice of the peace court must be prosecuted before the justice of the peace in the precinct where the property is situated.

In the case under present consideration, it appears from the record that the land was located in Precinct No. 9, and the action begun before the justice of Precinct No. 1.

Our attention is directed to the case of Sanchez vs. Candelario, 5 N. M. 400. In this case the Territorial Supreme Court held that,

"Where there is no justice of the peace in the precinct where the premises are situated, able or qualified by law to act, an action of forcible entry and detainer may be brought before a justice of the peace in any adjoining precinct."

The court, in this opinion, was construing Section 2425 of the Complied Laws of 1884, which appears as Section 3349 of the Compiled Laws of 1897.

We see no reason to depart from the construction of the section referred to as placed upon it by the Supreme Court in the case of Sanchez vs. Candelario, and we are of the opinion that if there be no justice of the peace in the precinct where the premises are situated, able or qualified to act, this fact must affirmatively appear from the record and should be incorporated in the complaint in the cause in order that the jurisdiction of the justice of the peace in an adjoining precinct, who may be called upon to act under such circumstances may fully appear.

The transcript in this case does not show by the allegations of the complaint or otherwise that it was impossible to bring this action before the justice of the peace in the precinct where the property was situated, and for that reason the justice of the peace was without jurisdiction to entertain the cause.

For the reasons indicated the judgment of the district court is reversed, and, IT IS SO ORDERED.