[No. 2144, May 7, 1918.]

## TIETJEN v. McCOY.

### SYLLABUS BY THE COURT.

1. An action for forcible entry and unlawful detainer of real property must be prosecuted before the justice of the peace of the precinct in which the property is situated; and, if there be no justice of the peace in that precinct able or qualified to act, this fact must affirmatively appear from the record, and should be incorporated in the complaint in the cause, in order that the jurisdiction of the justice of the peace in an adjoining precinct, who might be called upon to act under such circumstances, may fully appear.          P. 165

2. The jurisdiction of the justice of the peace is inferior, special, and limited by statute to specific territorial boundaries, established by law as a county, town, or incorporated city, and to specific subject-matters, such as assault and battery, suits to recover debts where the amount claimed does not exceed $200, etc. Such jurisdiction must appear affirmatively from the record of the proceedings; it cannot be presumed.

P. 166 ·

Appeal from District Court, McKinley County; Raynolds, Judge.

Action by J. E. Tietjen against L. McCoy in forcible entry and detainer before a justice of the peace. From a judgment for plaintiff, defendant appealed to the district court where, on trial de novo, judgment was rendered for plaintiff, and defendant appeals. Reversed and remanded, with directions.

### STATEMENT OF FACTS.

The action is in forcible entry and detainer brought in the justice of the peace court for precinct No. 3 of McKinley county by appellee. The tract of land involved was described as Sec. 16, Tp. 19 N., R. 12 W. The justice court found the defendant guilty as charged, and

directed the issuance of a warrant of removal against the defendant, who appealed to the district court of McKinley county, where on trial de novo the court rendered judgment in favor of the plaintiff for damages in the sum of $1.00, from which judgment defendant appeals to this court.

H. B. JAMISON, of Albuquerque, for appellant.

A. T. HANNETT, of Gallup, for appellee.

OPINION OF THE COURT.

HANNA, C. J. [1] The first assignment of error urged by appellant is that the court erred in proceeding to render judgment in the case when neither the justice of the peace court, from which the case was appealed, nor the district court, nor this court, had or has jurisdiction of the cause because the suit was not begun or tried in the precinct in McKinley county in which the land in question is situated. Appellant attempts to support this assignment by certain affidavit proof, which, however, we cannot consider as any part of the record. It is to be observed, however, that the complaint did not in any respect point out where the land in question was situated; nor did the evidence adduced throw light upon this question. This court considered in the case of Brasswell v. Halliburton, 19 N. M. 386, 143 Pac. 476, a similar question, construing the statutes of this state. Section 2384 et seq., Code 1915. We pointed out that an action for forcible entry and unlawful detainer of real property must be prosecuted before the justice of the peace of the precinct in which the property is situated; and, if there be no justice of the peace in that precinct able or qualified to act, this fact must affirmatively appear from the record, and should be incorporated in the complaint in the cause, in order that the jurisdiction of the justice of the peace in an adjoining precinct, who might be called upon to act under such circumstances, may fully appear.

In 19 Cyc. at page 1150, it is pointed out that in suits brought under the statutes relating to forcible entry and detainer, instituted in justices courts, great strictness in the complaint or affidavit is not required. "Nevertheless" (continues the text) "to give the court jurisdiction it is necessary that the complaint should embody such a statement of facts as brings the party clearly within some one of the class of cases for which the statutes provide a remedy, as these proceedings are summary and contrary to the course of the common law."

As pointed out in the same work at page 1151, in actions in forcible entry and detainer instituted before a justice of the peace, the complaint must show that the premises in question were within the precinct of the justice, or where there is no justice in the precinct, where the premises are situated and the action is brought in an adjoining precinct, as is provided for under our statute, that fact must appear.

[2]    The text referred to in Cyc. is supported by the New Mexico case of Sanchez v. Candelaria, 5 N. M. 400, 23 Pac. 239. In an early territorial case, that of Territory v. Valencia, 2 N. M. 108, it was held that:

"The jurisdiction of the justice of the peace is inferior, special, and limited by statute to specific territorial boundaries, established by law as a county, town, or incorporated city, and to specific subject-matters, such as assault and battery, suits to recover debts where the amount claimed does not exceed $100, etc. Such jurisdiction must appear affirmatively from the record of the proceedings; it cannot be presumed."

In the case of Lasater et al. v. Fant (Tex. Civ. App. 1897) 43 S. W. 321, it was held that a complaint which did not locate the land in the precinct in which the action was begun was fatally defective in that it stated no cause of action whatever.

In Haskins v. Haskins, 67 Ill. 446, it was held that:

"A complaint which fails to show a case within any provision of the statute relative to forcible entry and detainer is insufficient to give the court jurisdiction."

Tietjen v. McCoy, 24 N. M. 164.

It is true that under the statute in question in Illinois it was required that the complaint should particularly describe the lands, tenements, or possessions in question, but we apprehend that the holding in this juris-. diction in the case of Territory v. Valencia, supra that the jurisdiction of a justice of the peace must affirmatively appear from the record of the proceedings, would call for an allegation in the complaint showing the jurisdiction, even though our statute does not provide that the complaint must specifically set forth a description of the lands.

From an examination of section 2384, Code 1915, it is apparent that a limitation as to the jurisdiction of the justices of the peace is clearly implied from the requirement that an action for forcible entry or unlawful detainer of real property must be prosecuted before the justice of the precinct where the property is situated, and also by section 2388, Code 1915, by the provision that where no justice of the peace in the precinct where the premises are situated is able or qualified by law to act, then suit may be brought before some justice of the peace in any adjoining precinct. By section 3231, Code 1915, it is further provided that where the jurisdiction of the justice of the peace may not affirmatively appear upon the face of the papers transmitted upon any appeal, and yet such jurisdiction actually existed in the justice of the peace before whom such cause was tried, it shall be the duty of the district court to allow any amendment necessary to set forth correctly the fact of jurisdiction, and no appeal shall be dismissed for any defect in the papers so transmitted, provided the same can in truth be amended to correctly set forth the jurisdictional facts. This latter section clearly calls for an affirmative showing on the face of the papers as to jurisdictional matters, and permits amendment of the papers transmitted upon any appeal to the district court in conformity with the truth which may be necessary to correctly set forth jurisdictional facts.

The question being one of jurisdiction, it can be raised in this court for the first time, as has been frequently held; and, although the objection is in this case raised for the first time, we find it necessary, by reason of the error pointed out, to reverse the judgment of the district court and remand the cause, with instructions to proceed in conformity with this opinion; and it is so ordered.

ROBERTS and PARKER, J.J., concur.