19 P.(2d) 187

## VALLEY PRODUCTS CO. v. ROYBAL et al.

### No. 3706.

Supreme Court of New Mexico.

Dec. 27, 1932.

Rehearing Denied Feb. 27, 1933.

W. C. Whatley and M. A. Threet, both of Las Cruces, for appellants.

R. R. Posey, of Las Cruces, for appellee.

NEAL, J.

This action originated in the justice of the peace court, Precinct No. 3, Dona Ana county; appellee filing its complaint therein against appellant, and attaching thereto its verified account.

The case was tried de novo in the district court, and resulted in a judgment in favor of appellee. It appears that the appellant (defendant) made no formal plea or answer to the complaint filed, but did appear in the district court and contest the right of appellee to a judgment. Under our Code no written pleadings are required in the justice of the peace court, section 79-308, Compilation of 1929, and as to the defendant, the general issue will be considered in by law. Crolot v. Maloy, 2 N. M. 198.

Appellant presents error in the admission of certain ledger sheets in proof of account between appellee and appellant, but in the view we take of this case, we do not think it necessary to determine this question, since we

feel that there is ample evidence in the record to sustain the judgment of the court upon the theory of an account stated.

The fourth finding of fact made by the court is: "That many statements showing balance due and unpaid, to-wit, the sum of $175.19 were mailed to and personally delivered to the defendant, V. E. Roybal, at various times, and no denial made of the correctness of said statements, but on the other hand, defendant admitted to·A. D. Saunders and L. E. Strand that same was correct and that he owed the plaintiff $175.19 as of April 30th, 1927."

 This finding was not excepted to by the appellant, and an examination of the record shows that appellant made no objections to the testimony introduced by appellee tending to sustain this finding. Appellant, however, contends here that· the court should not have based its judgment on the theory of an account stated, because the complaint in the case was upon an open account for goods sold and delivered. We do not think that he can raise this question for the first time here on appeal. The evidence pertaining thereto was received by the court as above stated without objection. The finding of the court relative thereto was not objected to, and no exception was taken to the finding. It seems that this issue as to an account stated was as fully litigated as if it had been pleaded, and in such a case this court will deem the complaint· amended to cover the proof and support the judgment and findings of the court. Nikolich v. Slovenska, etc., 33 N. M. 64, 260 P. 849; Cannon v. First Natl. Bank of Amarillo, Tex.,

35 N. M. 193, 291 P. 924; Girard v. Girard, 35 N. M. 147, 291 P. 287.

In view of this conclusion the other questions presented by counsel for appellant in his brief appear unnecessary to be considered.

We therefore conclude that·the judgment in this cause should be affirmed, and it is so ordered.

BICKLEY, C. J., and WATSON, SADLER, and HUDSPETH, JJ., concur.