92 P.2d 992

**BELL v. BECK.**

No. 4462.

Supreme Court of New Mexico.

Aug. 1, 1939.

Adolf J. Krehbiel, of Clayton, for appellant.

O. P. Easterwood, Sr., of Clayton, for appellee.

BRICE, Justice.

This unlawful detainer action was originally filed in the Justice of the Peace court in Precinct No. 11–A of Union County, New Mexico. The complaint is in the form provided by Sec. 79-1201, N. M.Sts.1929, Ann. The precinct in which the land is situated is not stated, nor does the complaint appear to have been signed by any person, though sworn to by appellee's attorney.

Following the complaint there appears in the transcript: "That this suit is filed before the Justice of the Peace in and for Precinct No. 11–A in Union County, New Mexico, because there is no Justice of the Peace in the precinct where the property involved is situated, and the Justice in said precinct No. 11–A is the nearest Justice of the Peace to said land."

There is nothing in the record from which we can determine the source of this file (if one). But according to statements of counsel made at the oral argument, it was attached to the complaint with a clip, but we were not informed where or by what authority this was done. The record shows no application to amend the complaint or order authorizing such amendment.

The only question we need consider is one that goes to the jurisdiction of the trial court; and it is fatal to appellee's case.

It is provided by Sec. 54-105, N.M.Sts. 1929: "If there be no justice of the peace in the precinct where the premises are situated, able or qualified by law to act, suit may be brought before some justice of the peace in any adjoining precinct. Suits of this nature shall be governed by the same rules governing other cases before justices of the peace, except as modified in this chapter."

The jurisdiction of a justice of the peace is special and limited and must be proved, and should be included among the findings of the court. In cases of forcible entry and detainer it should be pleaded. Sanchez v. Candelaria, 5 N.M. 400, 23 P. 239; Territory v. Valencia, 2 N.M. 108; Brasswell v. Halliburton, 19 N.M. 386, 143 P. 476; Tietjen v. McCoy, 24 N.M. 164, 172 P. 1144, 1145.

In Tietjen v. McCoy, supra, we stated:

"As pointed out in the same work at page 1151, in actions in forcible entry and detainer instituted before a justice of the peace, the complaint must show that the premises in question were within the precinct of the justice, or where there is no justice in the precinct, where the premises are situated and the action is brought in an adjoining precinct, as is provided for under our statute, that fact must appear. * * *·

"It is true that under the statute in question in Illinois it was required that the complaint should particularly describe the lands, tenements, or possessions in question, but we apprehend that the holding in this jurisdiction in the case of Territory v. Valencia, supra, that the jurisdiction of a justice of the peace must affirmatively appear from the record of the proceedings, would call for an allegation in the complaint showing the jurisdiction, even though our statute does not provide that the complaint must specifically set forth a description of the lands."

■ The appellee might have amended his complaint in the district court to show jurisdiction (Sec. 79-512, N.M.Sts. 1929; Tietjen v. McCoy, supra); but assuming that the paper clipped to the complaint was intended as an amendment and was authorized by the court, it is not sufficient. "The nearest justice of the peace to said land" is not given jurisdiction to try a case of forcible entry and detainer if there be no justice of the peace in the precinct where the property is situated. It is a justice of the peace of an adjoining precinct on whom jurisdiction is conferred in such cases. He may or may not be the nearest justice of the peace to the land in question. The complaint did not show jurisdiction in the justice of the peace court in which the case originated, and there was no evidence or finding of that fact in the record.

■ It does not appear from the transcript that the appellant (defendant) entered a plea of any kind, as required by Sec. 54-106, N.M.Sts.1929. This statute contemplates that the defendant shall file an answer or other plea in the case.

The case is reversed and remanded, with instructions to the district court to set aside his judgment and to grant a new trial; to permit the amendment of pleadings and introduction of such further testimony as the parties may offer; or upon application of appellee, to dismiss his suit without prejudice to his bringing another form of action if he is so advised.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.