404 P.2d 856

**Kenneth A. HERON, Plaintiff-Appellant,**

**v.**

**Truman SMITH, Defendant-Appellee.**

**No. 7576.**

Supreme Court of New Mexico.

Aug. 16, 1965.

Kenneth A. Heron, pro se.

Standley, Kegel, Campos & Cook, Santa Fe, for appellee.

CHAVEZ, Justice.

Plaintiff-appellant filed his complaint in forcible entry and detainer in the district court of Rio Arriba County under the provisions of § 36-9-1 (Sixth), N.M.S.A., 1953 Comp. The parties will be referred to as they appeared in the court below.

The complaint was filed on July 13, 1962, and summons was issued that day by the district court directing defendant to appear and answer the complaint on or before July 26, 1962, at 9:30 a. m. at the Santa Fe county courthouse. The summons and complaint were duly served upon defendant on July 17, 1962. Thereafter, at 8:59 a. m., July 26, 1962, defendant filed an affidavit with the clerk of the district court of Rio Arriba County disqualifying the trial judge. Plaintiff filed a motion for judgment on July 26, 1962, at 4:44 p. m. with the clerk of the district court of Rio Arriba County, praying for a default judgment on the ground that defendant had been properly summoned to appear and answer and, having failed to do so, was in default. On July 27, 1962, the attorneys for defendant filed their entry of appearance with the clerk of the district court of Rio Arriba County. Defendant filed a motion to dismiss the complaint on August 13, 1962. Both plaintiff's motion for default judgment and defendant's motion to dismiss were denied by the new trial judge on September 12, 1963. The case was then set for trial on November 6, 1963, and on that date both parties appeared and defendant filed his answer to the complaint. Plaintiff orally moved to strike the answer and the trial court denied such motion over the objections and exceptions of plaintiff. Plaintiff then announced that he would introduce no evidence in support of his complaint and the trial court dismissed the complaint upon defendant's motion to dismiss for failure of plaintiff to prove the allegations of his complaint.

The trial court, in a letter opinion sent to both parties, denied plaintiff's motion for judgment on two grounds: (1) The affidavit of disqualification, filed by defendant, effectively stayed the proceedings and notice of hearing before Division I would have to be served upon defendant, and (2) no written pleading is required by statute in forcible entry and detainer actions.

One basic issue is presented in this case. Does our statute relating to forcible entry and detainer in justice of the peace courts require a written plea, or is an oral plea sufficient? If our statute requires a written plea, then there is no need for a qualified judge and defendant's disqualification of the

judge did not stay the proceedings. However, if the statute requires nothing more than an oral plea, then the disqualification of the judge stays the proceeding for lack of a judge before whom to plead.

In this state there is apparently some confusion on this question as shown in the following cases. Board of Education of City of Santa Fe v. Astler, 21 N.M. 1, 151 P. 462, holds that written pleadings are not required in forcible entry and detainer actions. Bell v. Beck, 43 N.M. 315, 92 P.2d 992, states, in passing, that a defendant shall file an answer or other plea in such a case, ignoring the decision in the Astler case. In State ex rel. Heron v. District Court of First Judicial District, 46 N.M. 290, 128 P.2d 451, this court noted the difference in the two earlier cases and stated that the question was in need of clarification.

The wording in the Astler case, that an oral plea is sufficient in forcible entry and detainer actions, was based upon § 3255, C.L.1897, which provided that "each party may plead or allege." This was amended in 1915, § 3189, to "each party may plead orally." This section is now § 36–5–7, N.M.S.A., 1953 Comp., and also sets forth general rules of trials and judgments in justice of the peace courts. This section, with the above 1915 amendment, is still in effect today. However, we also have specific rules set up in forcible entry and detainer actions, but these provisions are silent as to whether an oral plea is sufficient.

In the Astler case the court held that an answer could be made orally in forcible entry and detainer actions in justice of the peace courts. The court there had no general provision allowing oral pleading in justice of the peace courts as we now have. All it had was the provision stating "each party may plead or allege." Today we have almost the identical situation in our forcible entry and detainer sections but, in addition, we have the provision in the general procedure sections allowing an oral pleading. To allow the defendant to plead orally here would be entirely consistent with our decision in the Astler case.

Bell v. Beck, supra, is of no help because: (1) The statement made therein, that a plea must be filed in a forcible entry and detainer action, was dicta since the question was not involved in that decision, 21 C.J.S. Courts § 190; and (2) this court did not notice or consider the Astler decision and merely made the above statement in passing.

We next turn to the provisions in our statutes concerning justice of the peace actions. Section 36–9–1, N.M.S.A., 1953 Comp., states: " * * * In all trials in the district court [as in this instance] the procedure shall be the same as in actions before justices of the peace." Section 36–5–7, supra, specifically allows an oral pleading but this section, as originally enacted Laws 1875–1876, Ch. 27, § 23, stated "each party may plead or allege." This wording was

changed to "each party may plead orally," Code 1915, § 3189, and remains the same today. This provision is found in the section of the statute dealing generally with trial and judgment in justice of the peace courts. We believe the above change is evidence of the legislature's intent to allow oral pleading in justice of the peace actions. However, in § 36–9–7, N.M.S.A., 1953 Comp., dealing with forcible entry and detainer actions in justice of the peace courts, we find no provision allowing or precluding an oral pleading. It merely states:

"The time for appearance and pleading must be not less than three [3], nor more than ten [10] days from the time the notice is served on the defendant."

It is plaintiff's primary contention that defendant failed to appear and plead as provided by the above statute, which plaintiff contends requires a written pleading of defendant.

■ The words "time for appearance and pleading" are used in § 36–9–7, supra, and the title of this section is "Time for appearance and pleading." It is evident, therefore, that this provision is primarily concerned with time limits and not with the type of pleading used by a party. We believe that the legislature intended to apply § 36–9–7, supra, to forcible entry and detainer actions, especially where specific legislation does not conflict. This is borne out by § 36–9–6, N.M.S.A., 1953 Comp., which provides that forcible entry and detainer suits "shall be governed by the same rules governing other cases before justices of the peace, except as modified in this chapter." We find no modification in § 36–9–7, supra, or elsewhere, of the allowance of an oral pleading in § 36–5–7, supra. In addition, we note that the conventional plea in forcible entry and detainer cases in justice of the peace courts is "Not Guilty," and such plea may be an oral plea. See also, § 36–9–9, N.M.S.A., 1953 Comp.

■ It thus appears that our decision in Board of Education of City of Santa Fe v. Astler, supra, our present statutes concerning justice of the peace courts and actions in forcible entry and detainer, are in agreement and an oral pleading is sufficient in the instant case. It follows that when the trial judge was disqualified by defendant, it effectively stayed the proceeding for lack of a judge before whom an oral plea could be heard, and the trial court was not in error in dismissing plaintiff's complaint.

The judgment is affirmed. It is so ordered.

MOISE and COMPTON, JJ., concur.