417 P.2d 807

Loren HENDERSON, Plaintiff-Appellee,

v.

Arline GIBBANY, Defendant-Appellant.

No. 7834.

Supreme Court of New Mexico.

Aug. 29, 1966.

James M. H. Cullender, Roswell, for appellant.

Bean & Snead, Roswell, for appellee.

## OPINION

MOISE, Justice.

Plaintiff-appellee commenced this action in Justice of the Peace Court, Precinct 1, Chaves County, New Mexico, alleging forcible entry and unlawful detainer under § 36–9–1, N.M.S.A. 1953, of a house at 200 N. Michigan Street, Roswell, New Mexico. A default judgment was entered in favor of plaintiff and pursuant to § 36–9–16, N.M. S.A. 1953, defendant appealed to the district court where trial de novo was had in accord with § 36–9–18, N.M.S.A. 1953. Defendant has appealed to this court from a judgment there rendered in favor of plaintiff (§ 21–2–1(5), N.M.S.A.1953).

The uncontroverted facts are that defendant was in possession of the property here in question on February 6, 1963, at which time the Internal Revenue Service of the United States of America, having previously levied on the property under authority of Int. Rev. Code of 1954, § 6331 (26 U.S.C.A. § 6331), conducted a sale of the seized property. Plaintiff purchased the property at this sale and, after the expiration of the redemption period, received a quitclaim deed to the property from the Internal Revenue Service. Defendant refused plaintiff's demands to quit the property and continued in possession thereof through the date of trial in the district court.

At the outset, plaintiff urges that the failure of defendant to file an answer or plea in the justice of the peace court or the district court precludes our consideration of this appeal. We have had occasion to answer similar complaints in interpreting § 36–5–7, N.M.S.A. 1953, which states that oral pleadings are permissible in a justice of the peace court. In Crolot v. Maloy, 2 N.M. 198, we stated the rule to be:

" * * * No pleading, oral or in writing, on the part of the defendant, is necessary to raise an issue on the plaintiff's statement of a cause of action, as the general issue will be considered as in by law, and need not be formally pleaded: * * *." (2 N.M. at 208).

This statement was reaffirmed in Valley Products Co. v. Roybal, 37 N.M. 112, 19 P.2d 187, and we see nothing contrary thereto in the action taken in Bell v. Beck, 43 N.

M. 315, 92 P.2d 992. See also, Heron v. Smith, 75 N.M. 375, 404 P.2d 856; State ex rel. Heron v. District Court of First Judicial Dist., etc., 46 N.M. 290, 128 P.2d 451. As the issue raised by defendant questions the sufficiency of the proof to establish a cause of action under the complaint, his failure to file an answer or plea to the complaint is not a bar to consideration of the appeal.

■ The sole question presented here by defendant for our review is whether, under the circumstances previously related, plaintiff could prevail in a suit alleging forcible entry or unlawful detainer. Actions for forcible entry or unlawful detainer are purely statutory and are restricted in their operation to those situations specified in the statute. Francis v. West Virginia Oil Co., 174 Cal. 168, 162 P. 394. Section 36–9–1, supra, defines "forcible entry or unlawful detainer," and reads, as pertinent:

"An action for forcible entry or unlawful detainer of real property may be prosecuted before any justice of the peace in the precinct where the property is situated, in the following cases: * * *

"Fourth. When the defendant continues in possession after a sale by foreclosure of mortgage, or on execution, unless he claims by a title paramount to the mortgage by virtue of which the sale was made, or by title derived from the purchaser at the sale."

■ It is plaintiff's contention that he was proceeding in unlawful detainer under the fourth paragraph set forth above. That the district court relied on this assertion in rendering judgment for plaintiff becomes clear from a reading of Conclusion of Law No. 2 where it was stated that, "The action followed by the Internal Revenue Service in its levy, seizure and sale of this property is similar and equivalent to a sale on execution or foreclosure. * * *" However the error in this conclusion is apparent when it is noted that sales on execution or foreclosure are sales conducted under the auspices of the courts following entry of a judgment, order, or decree. §§ 24–1–1 and 24–1–22, N.M.S.A.1953, and compare Gunby et al. v. Doughton, 30 N.M. 144, 228 P. 603. Sales under Int. Rev. Code of 1954, § 6335 (26 U.S.C.A. § 6335) are sales following an administrative levy or seizure by the Secretary of the Treasury or his delegate as directed by Int. Rev. Code of 1954, § 6331 (26 U.S.C.A. § 6331). They are in no sense judicial sales conducted under the supervision of courts. In United States v. Sullivan (C.A.3, 1964) 333 F.2d 100, 116, it was said of the levy authorized by Int. Rev. Code of 1954, §§ 6331–6332 (26 U.S.C.A. §§ 6331–6332), that, "Levy is a summary, non-judicial process, a method of self-help authorized by statute which provides the Commissioner with a prompt and convenient method for satisfying delinquent tax claims. * * *" Because of this basic

distinction, it is apparent that a sale conducted after a levy or seizure in accord with Int. Rev. Code of 1954, §§ 6331–6335 (26 U.S.C.A. §§ 6331–6335), is not "similar and equivalent" to a "sale by foreclosure of mortgage, or on execution" so as to come within the terms of the fourth paragraph of § 36–9–1, supra.

There having been a failure of proof of the necessary elements to establish a right to possession under the provisions of § 36–9–1, supra, the case is reversed and remanded with instructions to the district court to set aside the judgment and to dismiss the complaint.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.