## FRANCISCO SANCHEZ *v.* RAMON LUNA.

AMENDMENTS ON APPEALS FROM JUSTICES' COURTS.—The district court has a discretion to grant leave to amend the pleadings on an appeal from a justice of the peace, if it appears that the justice had jurisdiction of the subject-matter and of the parties.

COMPLAINT IN FORCIBLE ENTRY AND DETAINER.—In a complaint for forcible entry and detainer, the property should be particularly described, so as to enable the sheriff to give possession, and the mode in which the defendant unlawfully got possession should be specified.

OBJECTIONS NOT TAKEN BELOW, DEEMED WAIVED.—A motion in the district court, on an appeal from a justice of the peace, to dismiss the suit because the complaint is not sworn to, and is defective in other particulars, when no objection on that ground was made before the justice, and the plaintiff offers to correct the defects, may be denied, and the plaintiff given leave to amend.

AMENDMENT BY STRIKING OUT DEFENDANTS.—On an appeal from a justice, the plaintiff may amend by striking out some of the defendants, if the subject-matter of the controversy remain the same.

AMENDED CAUSE OF ACTION, WHAT SUFFICIENT AS.—A petition in the district court, on an appeal from a justice's court, filed under a grant of leave to amend the cause of action, will be deemed sufficient, notwith-

standing informalities, if it contains all the substantial elements to place fully and clearly before the court the cause of action which leave was granted to amend.

IDEM—SUBSEQUENT VERIFICATION.—The district court has the same power in such a case, to permit the petition filed as an amended cause of action to be sworn to on a subsequent day, where such verification was omitted when it was first filed, as it had to permit the amendment.

APPEAL from the district court of Socorro county. The case appears from the opinion.

*Smith and Baird,* for the appellant.

*Hubbell and Watts,* for the appellee.

By Court, BENEDICT, J.:

The record in this case shows that Luna complained before a justice of the peace against Sanchez and two others of an action of forcible entry and detainer under the statute for such purpose. In the justice's court judgment was rendered against the defendants, and they appealed to the district court. Then the cause appeared in the district court, and various motions seem to have been made by the parties. The appealing party moved for and obtained leave to file an amended and perfect appeal bond. The same party also moved to dismiss the suit itself, and thereupon the plaintiff obtained leave of the court to amend his cause of action, and the court then overruled the motion to dismiss the suit. The cause was then continued to a later term.

When a subsequent term arrived, the defendant, Sanchez, again moved to dismiss the suit, stating as his grounds, that various causes of action were contained in the petition which had been filed as the amended cause of action, and that the same had not been sworn to, and for various other causes. The court then permitted Luna in open court to swear to the petition, and then the motion to dismiss was overruled and the defendant excepted to the ruling of the court. A change of venue was then prayed for, and the court, upon this prayer of Luna, ordered the cause to Socorro for trial. It was afterwards tried in that county, and the jury found a verdict against Sanchez, and thereupon his counsel moved the court to set aside the verdict, and

grant a new trial; which motion was overruled, and the court rendered judgment upon the verdict, and defendant excepted, and appealed to this court.

The errors assigned are:

1. In not dismissing the cause for want of an affidavit;
2. In allowing the amended petition to be filed;
3. In refusing a new trial.

The statute upon this subject provides that the complaint of the plaintiff shall be sworn to. There is no direct command that the oath shall be in the affidavit form. It is clear, however, that the truth of the complaints shall be supported by oath. It is true that it does not clearly appear by the justice's transcript, that the complaint was made under oath. It does state that the agent of Luna reclaims and complains against Sanchez and the two others, that they had possession of lands against the will of Luna. It becomes necessary to inquire somewhat as to the power of the district courts to allow amendments in causes removed by appeal from justices of the peace.

It is not unuseful to turn to the legislation of congress to examine the spirit which is intended to pervade the United States courts upon the subject of amendments. It will be seen that the rule of proceeding is of the most liberal character for the furtherance of justice. Section 32 of the act of 1789, in volume 1, page 99, of the United States statutes at large, provides: "That no summons, writ, declaration, return, process, judgment, or other proceedings in civil causes in any of the courts of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form; but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects, or want of form in such writ, declaration, or other pleading, return, process, judgment, or course of proceedings whatsoever, except those only in case of demurrer, which the party demurring shall specially set down and express, together with his demurrer, as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time,

amend all and every such imperfections, defects, and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any time permit either of the parties to amend any defects in the process or pleadings, upon such conditions as the said courts respectively shall, in their discretion and by their rules, prescribe."

In the notes upon the same page, reference is made to a number of cases adjudicated in the United States courts under this statute.   One says, "that the thirty-second section, allowing amendments, is sufficiently comprehensive to embrace causes of appellate as well as original jurisdiction; and there is nothing in the nature of an appellate jurisdiction proceeding, according to the common law, which forbids the granting of amendments."

It would be an easy matter to show by an abundance of reported cases, that in all courts of the United States possessing original jurisdiction, the ample and liberal section 32 has ever been liberally construed in practice for the "furtherance of justice," and to prevent delay. These authorities are entitled to, and must impose, great weight upon this court, and the section itself "is of a general nature, and not locally inapplicable to the courts in this territory."   The legislature of New Mexico, in prescribing a system of practice for the district courts in causes arising under the laws of the territory, says, in the twenty-seventh section of the practice act: "Each party, by leave of the court, shall have leave to amend upon such terms as the court may think proper at any time before verdict, judgment, or decree."

This act follows in the same liberal path marked out by the law of congress.   The discretion given to the courts is full and complete over amendments, but it is urged that this discretion is more limited over cases that are brought in the district courts by way of appeals from justices of the peace.   It is not easy to support this position by satisfactory reasons.   Power is given by law to the district courts to try and determine causes appealed from justices' courts; appellate power to this extent is lodged in the district courts. They hear and try the appeals *de novo.*   By this we under-

stand that the cause shall be tried upon its merits, as if it was a new action in the court. The court is to be in no wise trammeled in its mode of proceeding by the irregular and untechnical act of the justice of the peace. It would indeed be a very hard rule to deny the court its power and discretion in allowing amendments to place a cause appealed from the justice in such manner before the court, as to be triable, when the whole trial is to be *de novo.* To forbid the courts this power to amend in this class of cases, when the power is so general and broad in all other civil suits, would in this country amount to almost a denial of justice through the means of appeals. The justices of the peace are, for the most part, unskilled, if not uninstructed, in legal forms and technical proceedings. The records in appealed causes in the courts manifest how defective and inartificial the business in the precinct tribunals is transacted. The dockets are rare that can exhibit strict regularity. If, where a litigant presents himself before the district bench with his appeal in hand, the court is powerless in granting to the parties the privilege to correct and perfect what unskillfulness or ignorance has defectively done, the result must be that suitors will be turned from the court with heavy bills of costs, and confidence in legal justice be destroyed.

A narrow and dwarfish policy will usurp the bench in direct conflict with the wise and liberal spirit, intent, and provisions of the congressional and legislative enactments before mentioned. Besides working ruin to litigants, it would disgrace the jurisprudence of this country. We are of the opinion that the power of the district court to exercise its discretion in giving leave to amend should not be withheld in cases of appeals, when it shall appear that the justice of the peace had jurisdiction of the subject-matter in controversy, and of the parties in the case. Should these two facts not exist, the proceedings would be a nullity. If these facts do exist, the rule for the court should be the furtherance of justice. The purpose of all amendments looks to this end. This reason supports, and the law sanctions and assists.

Counsel for Sanchez insists that the court should have dismissed the suit upon the first motion. The transcript was not clear as to the complaint having been sworn to, yet it did state that the party complained. It was alleged that Sanchez and others possessed or occupied lands against Luna, but it was not shown by which one of the unlawful modes specified in the statute they had got possession. Again, the lands were only described by a general reference and not by any particular designation. Upon a judgment the court would have been at a loss to so issue its mandate as to inform the sheriff what possession he should restore to Luna. Now, it is a rule in all dilatory movements of defendants, such as pleas that abate motions, that dismiss a cause for the want of compliance with some material form, or anything which merely delays the prosecution of the suit, that the party, if he intends availing himself of his right, shall do so at the first opportunity. These defenses, as a general rule, are not regarded with peculiar favor by the law, and so the party asking their benefit is held to great strictness in their use. Now, Sanchez went to trial before the justice; many steps were had before trial, but it does not seem that he at any time objected that the complaint was not sworn to. In every respect, he treated it as complete in that part. If it was not, he should have raised his objection then, and moved for a dismissal of the suit. Then, if he had been refused, he might have stood before the district court as having waived no rights by omission or delays. But he seems to have fully acquiesced, and the district court had the right to presume that the complaint before the justice was perfect in all its parts, or that he had waived, by his appearance and silence, any defect that may have existed. He was unsuccessful before the justice and then appealed to the district court, and then for the first time moved to dismiss the suit. He did not then stand in an attitude to entitle him to that advantage, if the plaintiff would correct the defects. The latter asked leave, the court granted it, and thereupon overruled the motion to dismiss, and we think correctly. It is contended that the petition filed, which has been treated as the amended cause of action,

presented new and various causes of action, and that its form was that of an original petition in forcible entry and detainer; that the court had not jurisdiction of the case and ought not to have permitted it to be filed. The suit evidently was in forcible entry and detainer before the justice. It was for the restitution of the possession of lands, but they were not separated by designation from out of the general body of lands. The new complaint supplied this deficiency, denoting distinctly their locality. It is true the description presents them as parcels, and that upon one was a building, but in all this we do not see a new action, but an exact identification of the old, and no pretension has ever been made that Sanchez was taken by any surprise in all this. He did demand before the justice that the unlawful mode in which he had entered upon the possession should be specified. This the new and amended petition avers: " It was by stealth and fraud."

Courts have decided, "that a declaration so defective that it would exhibit no cause of action, may be cured by an amendment, without introducing any new cause of action. The intended cause of action, when defectively set forth, may be as clearly distinguished and perceived from another cause as it would be if the declaration had been perfect." Again: "Plaintiffs may be allowed to amend by striking out the names of a part of the defendants."

This was done in this case. Sanchez only was retained. It does not make a new and different cause of action because one or more defendants are dismissed, while the subject-matter in controversy remains. No order appears dismissing the other two defendants in the district court. Yet they were effectually discharged from the cause by the plaintiff, though by some omission the former order of court on that point does not stand in the record. But they have made no complaint, and this court has full power to make such order, in that respect, as the district court might have made. It is not a matter to affect Sanchez' rights or legal responsibilities.

Much stress has been laid by defendant upon the fact, that the petition in its form presented a complete action in

all its parts, and addressed itself to the judge of the district court.  We are not disposed to criticise with great minuteness the mere formalities of this paper, if it contained all the substantial elements to place fully, clearly, and definitely before the court and the opposing party, the cause of action, to amend which the court had granted leave.  It was offered as the act done by the plaintiff under the leave which he had, and if there was anything excessive in its address, the court had a right to treat the excess as surplusage. When the paper was produced in the cause, there was enough in the record to enable the court to fix its place, nature, and intent in the proceedings, without any further averments.  All parties to the trial knew well the office of the amended cause of action.

Enough has been said to dispose of the objection to the court allowing the petition to be sworn to.  If it had the power to grant the leave to amend in the first instance, this power ran down through every step essential to be taken by the party to enable him to realize, under the discretion of the court, all the benefit which the leave imparted.  The oath was necessary and it was permitted to be made.

The points raised and determined in this cause are of the first importance in the practice of our courts, and in their practical effects conform to the opinion before delivered, at the present term, in the case of *Archibeque* v. *Miera, ante,* 160. The court acknowledges the able and lucid manner in which these points were treated by counsel in their arguments at the bar.  The court is unanimous in its opinion, that in all the rulings of the court below which we have examined, as presented by the record, and objected to by appellant, no error was committed.  We are also unanimous in prescribing to the district courts in cases of appeals the rule of practice which we lay down in this opinion.

One other matter requires our attention.  Should the court have granted the defendant a new trial?  My brothers upon the bench, who did not hear the cause tried below, are decisive in their conclusions that the new trial should have been awarded, and this must determine the destiny of this cause.  Here the record only is the test of what evidence

was before the court below. The mere circumstantial recollections of the judge who tried the cause should not, as they will not, influence those who are dedicated to this bench for a season to dispense justice as the laws have provided. Bills of exceptions are, as all connected with the details of the court-house well know, often, in embodying testimony, hurriedly and imperfectly prepared. Not seldom the bill agreed upon by counsel is fragmentary in its character. The judge below sees the witnesses and their manner, and mental and moral formation. He hears them testify, and derives full opportunity to weigh what degree of credibility should attach to each. These things the paper can but faintly exhibit. I make no reference to such testimony as may not appear in this record, as it appeared to the court on the trial.

The points upon which this court passes are the possession of the lands by Luna and the stealthy and fraudulent entry by Sanchez. Let what influences prevail as properly may as to the conduct of Juan Gaveldon, it is thought that there is an absence of sufficient proof to carry to Sanchez a knowledge and participation of Gaveldon's fraud upon Luna. The evidence is that Juan had the keys and put Sanchez in possession; that the latter took possession publicly and in the day-time and under color of right, by purchase from heirs to the land. From the manner in which the testimony appears in the record, I am not disposed to contend against the convictions of my brother judges, by a dissenting opinion in this cause. It is the judgment of this court that the judgment of the court below be reversed, and the cause remanded to the district court of the third judicial district for a new trial.

Reversed and remanded.