Hurd v. Simonton.

MOSES HURD VS. JOHN C. SIMONTON.

In an action to recover possession of personal property *wrongfully detained*, and for damages, the want of an allegation of demand and refusal is cured by a verdict for the plaintiff if the complaint avers generally that the defendant "wrongfully detains," &c.

The rule heretofore laid down that this Court will not review errors in the taxation of costs, unless application to correct the same is made to the District Court in the first instance, followed.

This action was brought before a Justice of the Peace in Olmsted County. The material allegations of the complaint are "that defendant has become possessed of and *wrongfully detains* one two years' old sorrel colt, &c., the property of the plaintiff." It alleges the value of the colt and that plaintiff has been damaged in the sum of $10 by the detention, and demands judgment for the return of the property and for damages, &c. The plaintiff recovered judgment, and the defendant appealed to the District Court of that county. In the District Court judgment was also rendered in favor of plaintiff.

The notice for taxation of costs and entry of judgment was as follows:

Title — -- "Please take notice: that the costs in the above entitled action will be taxed and judgment entered up in the above case at one o'clock P. M., on the 14th day of January, 1865, by and before the Clerk of this Court at his office," &c.

This notice was served on the defendant personally by delivering to him a copy, January 11th, 1865, at Rochester in said county, and in the words of the affidavit of service—"deponent says that on the 12th day of January, 1865, he served a copy of the within notice (notice above,) on J. A. Leonard, Esq., defendant's

attorney, by delivering a copy to the person in charge of his house, at his house in Rochester aforesaid; that said Leonard has no office in said county or State, and is now absent from the State, and he owns a house in Rochester aforesaid and lived in it prior to his departure on U. S. service, and such service was made there by this deponent."

The affidavits of disbursements do not state that they were actually paid by plaintiff except the jury fees; they state "that they have been or will be necessarily made or incurred," and such affidavits do not appear to have been served on defendant, or his attorney, or any statement of the items of costs. The costs were taxed by the Clerk and entered in the judgment. The defendant appeals from the judgment to this Court.

JONES & BUTLER for Appellant.

I.—The complaint does not state facts sufficient to constitute a cause of action.

*a.* There is no allegation of a wrongful taking, therefore it is conclusively presumed that the appellant came into possession lawfully, and the possession would continue to be lawful until after demand.

*b.* No demand is alleged, therefore it is conclusively presumed that none was made. *Stratton vs. Allen & Chase,* 7 *Minn. R.,* 502; 3 *Sand. R.,* 707.

II.—The judgment was noticed to be entered and "costs" taxed on the 14th day of January, 1865, "by and before the Clerk of this Court at his office," &c. Thus showing that this was neither a general or special term of the Court, and there is no direction of the Judge or Court authorizing the entry of judgment by the Clerk. *Comp. Stat., page* 566, *Sec.* 71.

*a.* No papers other than the notice were pretended to be served upon the defendant. The affidavits verifying the "costs" to be taxed, should have been served with the notice. *Rule* 9, *Practice in District Court.*

III.—There was no notice of adjustment of charges served upon

Hurd v. Simonton.

the appellant.   The only notice in the case relates to "costs," and the entry of judgment exclusively.   Such notice will not support a judgment for "charges."   *Comp. Stat., page* 578, *Sec.* 9 ; *Rule* 14, *Practice in District Court.*

IV.—There was no notice served upon appellant of the taxation of costs or charges.

The return to this Court shows that J. A. Leonard, Esq., was the attorney of record of appellant at the time of the service of the notice in this case.

The proof of service of this notice made by respondent's attorney shows the same fact.

The respondent's attorney need not have performed the useless labor of serving a copy of the notice on the appellant personally, as such service was entirely gratuitous and of no legal effect. *Comp. Stat., page* 628, *Secs.* 26, 27 ; *Id., page* 667, *Secs.* 14, 15 ; *Id.*, 627, *Sec.* 23.

The proof of service on J. A. Leonard, Esq., is not only insufficient, but does not pretend to come up to the statutory requirement.

That such a judgment is irregular we think well established. *Gillmartin vs. Smith,* 4 *Sand. R.,* 684 ; *Mitchell vs. Hall,* 7 *How. Pr. R.,* 491.

V.—The entire bill of charges is without verification except as to the jury fee, and there is no statement in detail of any portion. *Shannon vs. Brown,* 2 *Abb. Pr. R.,* 377 ; *Comp. Stat., page* 578, *Sec.* 9.

*a.* There is no statement in any of the affidavits that any portion of the bill presented was paid by respondent, (except the jury fee,) or that he has become liable to pay any portion thereof.

CHARLES C. WILLSON for Respondent.

I.—The complaint is in the *detinet* and sufficient.   As no case or bill of exceptions was made, this Court cannot know what occurred on the trial.   The complaint was then amended as the Chief Justice will remember.

II.—As to the taxation of the disbursements in the judgment, the appellant was treated fairly and personally notified, (his attorney being absent.) The taxation may possibly be irregular, but the remedy would be by motion in the District Court for re-taxation, on proof of some substantial injury and excess, as well as the mere irregularity.

The appellant has mistaken his remedy. *Howard N. Y. Code, Sec. 311, and the cases mentioned in the notes to this section; Andrews vs. Cressy, 2 Minn. R.,* 67 ; *Eaton vs. Caldwell, 3 Minn. R.,* 134; *Milwain vs. Sanford, 3 Minn. R.,* 147 ; *Gilmartin vs. Smith, 4 Sandf. C. R.,* 684, *cited by the appellant.*

III.—The other complaints of technical irregularities are sufficiently transparent to require no answer here.

The appeal should be dismissed.

*By the Court*—BERRY, J.—It is contended that the judgment in this action should be reversed for the reason, among others, that the complaint fails to state a cause of action. The particular objection pointed out is that no demand is alleged to have been made for the colt charged to have been wrongfully detained by the defendant below. We are referred to *Stratton vs. Allen & Chase, 7 Minn.,* 505, in which it was held that a complaint was fatally defective for want of such an allegation in a case similar to this. The case at bar is to be distinguished from *Stratton vs. Allen & Chase,* because here was a verdict. The rule seems to be that when a complaint is defective because a particular matter is not stated in express terms, and yet contains general allegations sufficient to comprehend such matter in fair and reasonable intendment, which allegations are such as to require proof of the particular matter in order to entitle the plaintiff to recover, the defect will be aided by a verdict in his favor. 1 *Ch. Pl.,* 672 *et seq.; Van Sant. Pl.,* 530; *Pub. Stat.,* 554, *sec.* 96. The general allegation in this case is, "that the defendant *wrongfully* detains," &c. And although this may be to some extent a statement of a conclusion of law, we are inclined to hold it sufficient after verdict. For if a demand and refusal were necessary in or-

der to make the detention wrongful, then the fact of such demand and refusal is implied in the general allegation which could not be sustained without proof of such fact. *Lambert vs. Taylor et al.,* 4 *B. & C.,* 138. Many authorities hold that the want of an allegation of notice or demand though fatal on demurrer, is ordinarily cured by verdict. 1 *Ch. Pl.,* 328, 330; 16 *Man.,* 94; 9 *Cush.* 131.

The majority of the Court are of opinion that the remaining point made by the appellant, to wit: that the taxation of costs and disbursements below was erroneous, is not well taken here. This opinion is based upon the ground that it has been settled in numerous cases in this Court that application for the correction of alleged errors in such taxation must be made in the first instance to the District Court. No such application was made in this case.

I am not myself satisfied with this disposition of the matter, especially in view of the circumstances of this case, and of Rule 36 of the *present* District Court rules.

But in accordance with the opinion of the majority of the Court, the judgment below is affirmed.