TAYLOR *v.* MCLAUGHLIN.

PRACTICE — *proceeding to trial without issue.* If pleas are interposed which conclude with verification, and the parties proceed to trial without perfecting the issues, the irregularity will be waived, and judgment will not be arrested for that cause.

But if the record does not show that the party complaining was present at the trial, or that he, in some manner, consented to the irregularity, the rule is otherwise.

And where, to a declaration on a promissory note, the defendant filed several pleas, and, without further pleading, the cause was tried, the record showing that the defendant appeared at the trial, " by his pleas for a continuance," the judgment was reversed and the cause remanded.

*Error to Probate Court, Park County.*

THE plaintiff, below, declared upon a promissory note at the February term, 1871, of the probate court. The court convened on the 6th of February, and the defendant on the day preceding, being the 5th of February, filed the general issue and several special pleas, the latter concluding with verification. Upon what day the trial was had did not appear, but there was no further appearance by the defendant, unless the following, from the record of the trial and judgment, should be regarded as showing appearance :

"Now, this cause coming on to be heard, and the said plaintiff appearing in person, and the defendant by his pleas for a continuance of the case, the court ruling the pleas not sufficient cause for a continuance of the case, and a jury being waived, proceeded to try the cause," etc.

Mr. ALFRED SAYRE, for plaintiff in error.

Mr. M. BENEDICT, *contra.*

WELLS, J. If after plea, pleaded with a verification, the parties proceed to trial without replication, judgment will not be arrested for the irregularity ; the proceeding is regarded as a mutual waiver of formal issues, and *consensus tollit errorem,* such waiver is to be inferred, however, only where it appears by the record that both parties, or at least

the party complaining has consented to the irregularity. In the present case the record fails to show that the plaintiff in error was present at the court below when the cause was set down for trial, or at any time during the trial, or afterward, so long as the cause remained pending in that court. Those recitals of the record which have been relied on in argument, as evidencing the presence of the defendant at the trial below, appears to us insufficient to warrant the conclusion sought to be drawn from them. The judgment of the probate court will, therefore, be reversed, and the cause remanded for further proceedings.

*Reversed.*