[No. 1242.]

## SCHMIDT & ZIEGLER v. THE FIRST NATIONAL BANK OF DENVER.

1. LAW OF THE CASE.

When the law has once been declared in a case by a court of review, it becomes the law of the case, and the opinion must control on any subsequent hearing, and be practically treated as *res judicata.*

2. STOPPAGE IN TRANSIT—BONA FIDE TRANSFEREE—BILL OF LADING.

As between a *bona fide* transferee for value of a bill of lading and a creditor who seeks to stop the goods in transit, the equity of the transferee must prevail.

3. REPLEVIN—OWNERSHIP—VARIANCE.

The objection that in a replevin suit the complaint alleged ownership, while the proof showed that the bill of lading was delivered as security for money loaned, is not fatal when the defendant failed to raise the objection on the trial, or to allege surprise and seek the postponement of the trial, or to take any other steps essential to make the question available on appeal. Such an allegation in a replevin suit may be sustained by proof of a *bona fide* transfer of a bill of lading ; the transferee of the bill of lading is for the purpose of such an action the owner, whether regarded as absolute or qualified.

4. PRACTICE.

An objection to the conduct of counsel in the argument of a case is not available on appeal unless the proceedings are objected to at the time, and the court asked to instruct the jury to disregard what may have been urged on their attention.

5. PRACTICE—INSTRUCTIONS.

It is proper practice for the trial court to give to the jury instructions requested and signed by counsel in the form in which they were tendered, if given at all, and the fact that they were signed by counsel is no objection, but is in compliance with the provisions of the code.

6. PRACTICE—OBJECTIONS TO INSTRUCTIONS.

To require an appellate court to consider objections to instructions, it is not enough merely to present the instructions and say the court erred in giving them. If counsel desire to take advantage of erroneous instructions they must point out wherein the instructions are erroneous and the particular parts of which they complain.

7. WITNESS—INSTRUCTION.

The court properly refused an instruction to the effect that if the jury should conclude from the evidence any witness had testified from

other motives than those of a desire to tell the truth, they would have the right to judge of the effect on the mind, of the various matters suggested, unless there was something in the case which cast a doubt on the veracity or character of the witness.

*Appeal from the District Court of Arapahoe County.*

Mr. JNO. T. BOTTOM, for appellants.

Mr. THOMAS H. HOOD, for appellee.

BISSELL, J., delivered the opinion of the court.

The record now before us does not differ in any essential particular from the one on which the case was heard when it was before us on a former appeal. There is no new question to be examined nor can it be expected that we shall review or reconsider the legal propositions then determined. The opinion which may be found in 6 Colo. Court of Appeals, 216, remains the law of the case. According to the decision of our supreme court when the law has been once declared, the opinion must control on any subsequent hearing and be practically treated as *res judicata*. *Lee v. Stahl*, 13 Colo. 174; *Routt et al. v. Greenwood Cemetery Land Co.*, 18 Colo. 132; *Israel v. Arthur*, 18 Colo. 158.

It is therefore true that as between a *bona fide* transferee for value of a bill of lading and a creditor who seeks to stop the goods in transit, the equity of the transferee must prevail. This was the pivotal point decided and which then and now controls our conclusions. There were some incidental questions as to whether an antecedent debt was a good consideration or whether a defendant might raise the question as to the authority of a National Bank to make the contract. Like the first both these questions were resolved against Schmidt & Ziegler and by this they must remain concluded. We shall therefore pay no attention to the discussion of these propositions, nor to the argument by which counsel seeks to attack the prior decision. The briefest pos-

sible reference to the situation is enough for the purposes of this opinion. Boehm & Company were wholesale liquor dealers and bought goods of Schmidt & Ziegler who were merchants in New Orleans. The goods were billed and shipped, the bill of lading transmitted to Boehm & Company, who delivered it to the First National Bank of Denver under an agreement by which they had received money from the bank on the faith and strength of the promised future delivery of the bill on arrival. It came and was turned over according to the contract, and the bank brought replevin for the goods, and in the present suit have obtained judgment which must be affirmed unless there be some error which affects it. While there was no occasion for it, and we might have contented ourselves with the simple statement that the jury found against the appellants, and therefore all facts and inferences which might be legitimately drawn from the proof might be taken as established, we have read the testimony with a good deal of care and are not at all inclined to disagree with the jury. We are totally unable to find any reason for disturbing their verdict, for the cause was submitted to them under clear, perspicuous and accurate statements of the law, as we had previously declared it. Starting with this basis then it must be assumed the bank was a transferee for value and entitled to maintain the suit unless there be some legal objections other than what arise from the circumstances of the transaction.

Many errors are alleged, some of which may be disposed of with a simple reference, and others by suggestions of our position respecting them. We do not quite understand why the appellant alleges that the court erred in failing to grant his motion for a nonsuit because we do not find any such motion either in the abstract or in the record nor any ruling which can be taken as one made on an application for judgment after the plaintiff had rested. Had this motion been made, it would have been very properly denied because the plaintiff certainly made out a case which it required proof to overcome and when that was offered it left an inquiry purely for the jury.

It is urged with some apparent conviction that there was a variance between the pleadings and the proof because the bank alleged it was the owner of the property, whereas the proof was that the bill of lading was delivered as security for money loaned. In the first place the variance would not be fatal because the defendants failed to object on that ground, to allege surprise, seek the postponement of the trial, or to take any other steps which are essential to make this question available on an appeal. *Salazar v. Taylor*, 18 Colo. 538; *Colo. Fuel & Iron Company v. Cummings*, 8 Colo. Ct. of App. 541.

In any event an allegation of this sort in an action of replevin brought under these circumstances and on such facts can be maintained on proof of the title which the bank had, which for the purposes of the action was undoubtedly that of ownership, whether regarded as absolute or qualified. This doctrine has been recognized in many cases and seems to be well settled by the authorities. *Means v. Bank of Randall*, 146 U. S. 620; *Curtis v. Mohr*, 18 Wis. 645; *Duggan v. Wright*, 157 Mass. 228.

Appellants' counsel insists that they were greatly prejudiced by the conduct of counsel during the trial, and in the argument to the jury it is insisted that counsel unjustly advised them of the antecedent reversal of the cause, and undertook to read some law from the opinion of the court. We do not know whether this is or is not true. We may concede it for the purposes of discussion yet the appellants would gain nothing by the concession. In order to make this objection available it is the duty of counsel at the time to object to the proceedings and ask that the jury be instructed to disregard what may have been urged on their attention. We cannot find in the abstract, nor were we able to find in the record any suggestion about it on which error could be laid. The duty of counsel under such circumstances is exceedingly well settled. *State v. Paxton et al.*, 126 Mo. 500; *People v. Faulke*, 96 Cal. 17; *Scott v. The People*, 141 Ill. 195; *Jordan v. The People*, 19 Colo. 417; *Torris v. The People*, 19 Colo. 438.

Why counsel urge the objection that the instructions which were prepared and requested were signed by counsel, we are unable to understand. Our code, section 787, provides that whenever instructions are asked by either side they must be reduced to writing, numbered and signed by the party or his attorney, and delivered to the court. This being the prescribed practice it was evidently in the contemplation by the legislature that if the instructions as asked were given, they should be given in the form in which they were tendered. It cannot be expected that the court should rearrange or reprepare them so long as it accepted them in the form in which they had been tendered. In any event it is not error, and it has been suggested by the supreme court that a failure to number and sign them may, in the absence of any other ground on which they can be supported, be taken as a sufficient reason for refusing to give them. *Orman et al. v. Mannix,* 17 Colo. 564; *Mason et al. v. Seiglitz,* 22 Colo. 320.

These authorities entirely settle the practice and determine the question suggested adversely to the appellants.

There is but one remaining matter to be touched on. The appellants insist that the court erred in giving sundry and divers instructions and in their brief point out several which are alleged to be erroneous. We have taken the trouble to examine them, and so far as we can see they are unobjectionable and in entire conformity to our antecedent opinion. We do not feel compelled to enter on an argument to demonstrate their accuracy because the only thing which the appellants have done is simply to present them and say that the court erred in giving them. This is not enough to compel the court either to examine or to analyze them. If counsel insist that certain instructions are erroneous they are bound in justice to themselves as well as to the court to demonstrate so far as they can, and in any event to attempt to demonstrate, wherein the error consists and to point out the particular parts or portions of which they complain. We have a right to insist that these labors shall be undertaken by counsel and with each instruction and assignment of

error predicated thereon there shall be an independent argument and an independent citation of authorities which are supposed to support counsel's contention. The entire labor of review may not be put on the court, nor. ought it to be asked to examine forty or fifty authorities to determine whether any of them are applicable to any particular proposition and support the theories which counsel advance. The points must be supported by a fair effort and by legitimate argument. This rule has been supported by a learned law writer who has sustained his position by a substantial citation of authorities. Elliott's Appellate Procedure, § 445.

Counsel asked an instruction which is numbered nineteen to the point, that if the jury should conclude from the evidence that any witness had testified from other motives than those of a desire to tell the truth, the jury would have the right to judge of the effect on the mind of the witness of the various matters suggested. The instruction was directed to the testimony of the cashier, and proceeded on the hypothesis that since the transaction between the bank and the Boehm company had been disastrous, and during the accretion of the debt had not been approved by the president, this circumstance might to a greater or less degree affect the cashier's testimony respecting the transaction. We think that such an instruction is rarely justified, and it never ought to be given unless there is something in the case which casts a doubt on the veracity and character of the witness. Unless the attacking party is able to introduce proof which shall tend in some way to affect the credibility of the witness, we do not think counsel is justified in indulging in presumptions or in asking that the jury be advised that they may consider the relations which he bears to an officer of the bank of which he is an employé, in determining the credibility of his testimony. We know nothing in the case which justified the instruction. The testimony which the cashier gave was direct, clear, and unassailed by the testimony of other witnesses. Its character was not attacked; he stood before the jury as a witness whose testi-

mony was entitled to credit, and whose evidence must be believed, except in so far as there was evidence to the contrary. Under these circumstances the appellant was not entitled to the instruction asked, nor is there anything in the record on which it could be based. The court did not err in refusing to give it.

We have thus somewhat rapidly and briefly, but as fully as the necessities seem to require, noticed the principal matters urged on our attention. We are unable to discover any errors in the record, and the judgment will accordingly be affirmed.

*Affirmed.*