[No. 5463.]
[No. 3133 C. A.]

## SCHECTER v. WHITE.

1.   **Pleading—Answer—Replication—When Required.**

Where, in an action on an account for cattle sold, defendant admitted the debt but denied that the amount sued for was due, and in addition alleged that the purchase was on a credit of two years, which had not expired, such answer constitutes a denial only, and not an allegation of affirmative matter requiring a reply.—P. 220.

2.   **Same—Waiver.**

Defendant by going to trial on the issues raised by his answer, and treating the allegations therein as denied, waived the necessity for a reply.—P. 221.

*Appeal from the District Court of Pueblo County.*
*Hon. John Voorhees, Judge.*

Action by T. T. White against Sam Schecter. From a judgment for plaintiff, defendant appeals.
*Affirmed.*

Mr. L. C. CRANE, for appellant.

Mr. S. HARRISON WHITE, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Plaintiff's complaint alleges that on the eighth day of July, 1903, he sold to the defendant certain cows of the value of one hundred and sixty dollars which the defendant agreed to pay, and that on the same day, acting for Lorenda White, he sold to defendant certain other cows at the agreed price of seventy-five dollars; that the claim of Lorenda White was assigned to the plaintiff; that no part of the sum had been paid except five dollars, and that the total sum due was two hundred and thirty dollars.

In answer the defendant admitted the purchase of the cows at the price stated, but denied that any

part thereof was due, and alleged that when the stock was purchased it was agreed between plaintiff and defendant that defendant should have two years' time in which to pay the price agreed upon without interest. The matter was duly set for trial and tried. At the conclusion of plaintiff's testimony defendant moved for nonsuit because no replication was filed to the answer. This motion was overruled. The trial then proceeded and resulted in a judgment for the plaintiff. Defendant appeals. The only question presented here is as to whether or not the court erred in declining to render judgment as of nonsuit because of the absence of a replication denying the allegation that defendant was to have two years' time in which to pay for the cattle. This allegation in the answer was not such as required a denial. It was nothing more or less than an assertion contradictory to the allegation of the complaint that the account was due.

In the case of *Frish v. Caler,* 21 Cal. 71, being an action upon a promissory note, the defense of payment was pleaded specifically, to which plea there was no replication, and upon the question whether the want of such replication admitted the plea, the court held that the plea amounted to a simple traverse of the averment in the complaint that the note was due and unpaid and hence needed no replication. To the same effect is *McArdle v. McArdle,* 12 Minn. 98.

In the case of *Alden v. Carpenter,* 7 Colo. 86, an action upon a promissory note, it was held that an averment in the answer that the note was made "without any good or valuable consideration whatever" amounted to nothing more in legal effect than a simple denial of the complaint.

In *Goddard v. Fulton,* 21 Cal. 430, it was determined that the allegations of an answer, although

stated in an affirmative form, are in effect only a denial of the allegations of the complaint.

In this case the complaint alleges that the account is due. The defendant denies that it is due, because he was to have two years in which to pay it. The answer would be sufficient without the latter clause, which is but a denial of the allegation of the maturity of the claim.

In Bliss on Code Pleading, § 397, it is said:

"If the answer sets up new matter which amounts only to a denial that the act charged was committed by a third person, no reply is necessary * * * The defendant may waive a reply, and if he shall go to trial as though a reply by way of traverse were in, he shall be deemed to have waived it or it will be considered as having been duly filed."

This court has held in *Quimby et al. v. Boyd et al.,* 8 Colo. 322, that if a defense has not been denied by a replication, yet, if the defendant treats the defense as though it had been controverted, and introduces evidence in support thereof, and submits issues to be determined as one of fact, a failure to file a replication is waived.

In this case the only issue to be presented to the jury was as to whether or not the account was due. The respective parties introduced their testimony upon this issue, and even though the averment that the defendant was to have two years in which to pay the account was one which should have been properly denied, by going to trial upon that issue and treating it as having been denied, the defense waived the necessity for a reply.

The judgment of the district court will therefore be affirmed.　　　　　　　　　　　　　　*Affirmed.*

Chief Justice Steele and Mr. Justice Goddard concur.