[No. 8653.]

## PAULSON v. BERGMAN.

PLEADINGS—*Waiver of Irregularity.* Where the defendant goes to trial as though the issues were regularly formed, and introduces evidence to maintain the allegations of his answer, he waives the absence of a reply, even though he moves for judgment on the pleading before the production of any testimony on his part. (94.)

*Error to Denver District Court.* Hon. J. E. RIZER, Judge.

Mr. JOHN H. REDDIN, for plaintiff in error.

Mr. CHARLES W. WATERMAN, Mr. CALDWELL MARTIN, Mr. J. A. GALLAHER, and Mr. W. N. VAILE, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

This is an action by Bergman, defendant in error, against Paulson, plaintiff in error, to recover the purchase price of ten shares of the capital stock on the J. P. Paulson Company, a Utah corporation, at the alleged agreed price of $1,060.

The cause was tried to the court and jury, and verdict and judgment rendered in the sum of $1,422. The defendant filed an amended answer to the complaint in which he pleaded two separate special defenses. No replication was filed to this amended answer. The parties proceeded to trial and at the close of plaintiff's testimony the defendant moved orally for a judgment on the pleadings, on the ground as now alleged, that there was no replication to the verified amended answer of the defendant. This motion was overruled by the court, and this ruling is the sole alleged error relied on. After the motion was overruled the defendant proceeded to introduce testimony in support of his amended answer.

At the request of the defendant the court instructed the jury that either one of the two defenses relied on by

the defendant was sufficient, if proven, to justify a verdict for the defendant. The cause was tried in every respect as if there had been a replication to the amended answer.

The contention of the plaintiff in error is that because he moved for judgment on the pleadings before he introduced any testimony, though after plaintiff had rested his case, his motion was in apt time, and there was no waiver of the defect in the pleadings.

It will be seen that the cause was tried upon the theory that the issues were fully joined, and that the alleged defenses were good and sufficient if proven. In fact, these defenses so pleaded constituted the only issue in the case. There is no objection but that every issue raised by defendant was not fully and fairly tried.

It has so frequently been held in this jurisdiction, that where a defendant proceeds with the trial in all respects as he would have done if the issues had been regularly formed, and by introducing evidence to prove the affirmative of the allegations in his answer, and has treated them as controverted and put in issue, he thus waives the objection, that it seems amazing that counsel continue to raise the question. It involves no claim of denial of substantial justice and is purely technical.— *Quimby v. Boyd,* 8 Colo. 194, 6 Pac. 462; *Anderson v. Sloan,* 1 Colo. 484; *Taylor v. McLaughlin,* 2 Colo. 12; *Jerome v. Bohm,* 21 Colo. 322, 40 Pac. 570; *Schecter v. White,* 41 Colo. 219, 92 Pac. 700; *Florence & C. C. R. R. Co. v. Jensen,* 48 Colo. 28, 108 Pac. 974; *Venner v. Denver Union Water Co.,* 40 Colo. 212, 90 Pac. 623, 112 Am. St. Rep. 1036.

Proper practice requires that the question should have been raised before proceeding to trial, and that defendant should not have waited until after announcement for trial, and until after the plaintiff had offered his testimony. Upon this point it was said in *Orman v.*

*Mannix,* 17 Colo. 564, 30 Pac. 1037, 17 L. R. A. 602, 31 Am. St. 340:

"A practice which would allow the raising of other objections to a pleading at the trial is not to be encouraged. Cases should be conducted in court with the least possible expense and annoyance to litigants consistent with the proper administration of justice. The Civil Code requires all mere technical or formal objections to be raised by motion or demurrer before trial. If not so raised they are to be deemed as waived. To wait until witnesses have been subpoenaed and the cause reached for trial before raising such objection would be to entail a needless expense upon litigants as well as subject to unnecessary annoyance, the court, witnesses and jurors."

But if the defendant intended to rely on his motion for judgment on the pleadings, he should not have proceeded further after that motion was overruled. In proceeding with the trial i nan effort to establish his rights he waived his motion.

It has been expressly held by this court that a party who after his motion for judgment on the pleadings is denied, goes to trial, attempting to establish his right by proof, waives the motion. *Althoff Mfg. Co. v. Althoff, et al.,* 52 Colo. 501, 123 Pac. 326.

Courts have sufficient demand upon their time in the effort to ascertain and render substantial justice without being required to waste time in academic discussions of immaterial technical errors in cases where neither party can possibly have been prejudiced.

The judgment is affirmed.        *Affirmed.*

WHITE, J., and GARRIGUES, J., concur.