[No. 1982, Sept. 15, 1917.]

## SPRINGER v. WASSON.

### SYLLABUS BY THE COURT.

1. The recitals in a sheriff's deed of his authority, and the proper performance of the steps preliminary to the sale, are not competent primary evidence of these facts, except by statute. P. 280

2. By section 3281, Code 1915, a form for a complaint in forcible entry and detainer for the use of the justices of the peace is fully set out, and a compliance with this form is sufficient.                                                    P. 281

Appeal from District Court, Quay County; Leib, Judge.

Action of forcible entry and detainer by W. R. Springer against J. R. Wasson. Judgment for plaintiff on a trial de novo upon an appeal from the judgment of a justice's court for plaintiff, and defendant appeals. Reversed, and cause remanded for a new trial.

Harry H. McElroy, of Tucumcari, for appellant.

### STATEMENT OF FACTS.

This is an action in forcible entry and detainer filed in the justice court of precinct No. 1, Quay county, N. M., August 3, 1915, in which case a written complaint was filed, wherein it was alleged:

"On this third day of August, A. D. 1915, personally appeared Wilson R. Springer, before the court of Samuel H. McElroy, justice of the peace in and for precinct No. 1, of the county of Quay, in the state of New Mexico, and after being duly sworn in conformity with law, states: That James R. Wasson, of the city of Tucumcari, Quay county, New Mexico, by force, intimidation, fraud, and stealth, has entered in the lands and tenements of Wilson R. Springer, to-wit: Lots one (1) and two (2) of block sixteen (16) of the original townsite of the town (now city) of Tucumcari, Quay county, New Mexico, and continues in possession of the said premises after a sale thereof by execution, not claiming by title derived from the purchaser at the sale, and that this happened in the city of Tucumcari, Quay county, New Mexico, on the day and date last above mentioned. W. R. Springer."

Judgment upon said complaint was rendered for plaintiff below by the justice court, and the case was appealed to the district court and tried de novo, and judgment again rendered for the plaintiff, from which judgment this appeal was taken.

The foundation of plaintiff's claim to title to said lots arises out of an execution sale at which he claims to have

purchased the property, the sale being made upon an execution issued under a judgment obtained in cause No. 1456 in the district court for Quay county, N. M., which sale, it is contended, was had on the 27th day of July, 1915, or a few days prior to the institution of this cause of action in the justice court. Upon the trial of the case in the district court the plaintiff, appellee here, relied solely for his proof of right of possession upon a sheriff's certificate of sale.

HANNA, C. J. (after stating the facts as above). There are numerous assignments of error, many of which raise the same fundamnetal questions, and these questions will be considered in the order presented by appellant's brief.

The first and most important question upon which this case turns is that the appellee wholly failed to establish his right of possession to the property claimed to have been forcibly detained. As we have shown, this question is primarily based upon the fact that appellee relied upon the sheriff's certificate of sale without introducing any evidence, such as the judgment or other proceedings which must necessarily have been had before the sale of the property. Another phase of this question is presented by the contention that oral testimony regarding the title to the land, over objection, was admitted; but we do not deem it necessary to consider this particular phase of the question, as the objection upon the other ground is undoubtedly well taken, and the general rule as to the admission of oral testimony under the circumstances in question would seem to require little or no discussion by us. The certificate of the sheriff upon which title or right to possession is predicated contained a recital as follows:

"After having given notice of the time, place, and conditions of sale of the property to be sold as provided by law, I duly sold at public auction," etc.

The certificate contained no recital of the fact of final judgment to support a sale, or that the property was ever levied upon, or that the levy was made as required by the statute, or that the property was appraised, or that the appraisers were qualified, or that the execution debtor had

the opportunity to select one appraiser, or that the property was sold for two-thirds of the appraised cash value, or that the appraisers were sworn, or that the writ was ever returned as required by law.

It is contended by appellant that such recitals as were contained in the sheriff's certificate of sale were mere conclusions, and not such recitals as might have given probative force or evidentiary value. It is also contended that the sheriff's certificate of sale, in absence of statute making it evidence of the sale, is not evidence for any purpose, and the return of the writ of execution duly filed in court is the only primary evidence of sheriff's sale provided by our statute. Further, that in the absence of statute making the sheriff's certificate of sale evidence of the regularity of his proceedings, even were the certificate primary evidence of facts certified, it could not be evidence of facts not therein certified.

[1] It is first to be observed that a sheriff's certificate of sale, under our statute, is not made evidence of any recitals therein contained, and is not given any peculiar evidentiary value. The general rule upon this subject is thus stated in 4 Ency. of Evidence, 185:

"The recitals in a sheriff's deed of his authority, and the proper performance of the steps preliminary to the sale, are not competent primary evidence of these facts, except by statute."

In the case of Douglass v. Lowell et al., 60 Kan. 239, 56 Pac. 13, the Supreme Court of Kansas discussed a claim of the plaintiff to the effect that a sheriff's deed, regular upon its face, should be deemed sufficient evidence of the legality of the sale and proceedings therein until the contrary was proven, the court in this connection saying:

"This was the rule of statute until 1893. * * * In that year this provision of statute was repealed * * *; and since that time the proper preliminary proof must be offered before such a deed is admissible in evidence."

In the case of Carbine v. Morris, 92 Ill. 555, it was held that recitals of the certificate of purchase in a sheriff's deed

are not competent evidence to establish the existence and contents of the judgment under which the sale was made.

In Leary et al. v. New et al., 90 Ind. 502, it was held that:

"In an action to recover real estate by a purchaser thereof at a sheriff's sale, against the execution defendant, the plaintiff must show, to support his title, a judgment, execution, sale, and deed."

Numerous other authorities have been called to our attention, not all precisely in point, but most of them being quite analogous to the case under consideration; but, without further consideration of authorities, we conclude that a sheriff's deed or certificate alone, without the judgment, execution, and return, is not sufficient prima facie evidence of the regularity of the proceedings leading up to the sale, in the absence of statute giving evidentiary value of the sheriff's deed or certificate.

The next point is that the court erred in excluding certain evidence offered to show irregularities in the proceedings preliminary to the alleged execution sale under which appellee claims his right of possession. The court refused to admit this evidence upon the ground that a party could not go back of the sheriff's certificate of sale; but, by virtue of our holding on the first question, it is not necessary to give consideration to this proposition. It is alleged that there is no evidence whatever to show forcible detainer. This contention is predicated upon the alleged ground that there was no evidence in the entire cause to show that notice to quit possession, in writing, had ever been served on the appellant. This contention is probably correct, but our conclusion makes it unnecessary to discuss the evidence in this connection. It is sufficient to say that the terms of the statute upon the subject of notice must, of course, in all cases of this character, be fully complied with. The alleged defect here is in failure to prove service of the alleged notice concerning which the record is not clear, and is probably insufficient.

[2] The last point made by appellant is that the complaint is insufficient to support the judgment, because

it does not show that notice to quit the premises was given in writing to the defendant.    We need not notice this point further than to say that by section 3281, Code 1915, the form of a complaint in forcible entry and detainer for the use of justices of the peace is fully set out, and a compliance with this form is sufficient.

For the reasons stated, the judgment of the district court is reversed, and the cause remanded for a new trial, and it is so ordered.

PARKER and ROBERTS, JJ., concur.