### No. 9764.

### LAMPMAN *v.* LAMPING.

Decided May 2, 1921.  Rehearing denied July 5, 1921.

Action in replevin.  Judgment for plaintiff.

*Affirmed.*

1. PLEADING—*Complaint—Replevin.* In an action in replevin, an al-

legation in the complaint that "defendant wrongfully keeps and detains said property," there having been a verdict, will be deemed to include by implication, one of demand and refusal.

2.     *Defective Pleading—Waiver.* Where the matter of demand and refusal in an action in replevin is imperfectly pleaded, the defect is waived by the admission in evidence, without objection, of a demand and refusal.

3.     *Complaint—Defect Cured by Answer.* In an action in replevin, the omission from the complaint of an allegation of value, is cured by an admission of value in the answer.

4. REPLEVIN—*Ownership—Possession.* In an action in replevin, proof of the right of possession sustains a general allegation of ownership, and there is no fatal variance.

5. CHATTEL MORTGAGES—*Acknowledgment—Evidence.* As between the parties a chattel mortgage is valid, and in an action between them, on proof of execution, is admissible in evidence either with a defective acknowledgment or without any acknowledgment.

6. COUNTERCLAIM—*Nonsuit.* A nonsuit is properly granted as to defendant's counterclaims, where the evidence fails to disclose any counterclaim against the plaintiff.

7. PLEADING—*Replication—Verification.* Failure to verify a replication, or even the absence of a reply, is waived by going to trial without raising the objection.

*Error to the District Court of Park County, Hon. James L. Cooper, Judge.*

Mr. JOHN T. BOTTOM, for plaintiff in error.

Mr. M. I. O'MAILIA, Mr. G. K. HARTENSTEIN, Mr. THOS. G. BURKE, for defendant in error.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in replevin to recover the possession of certain personal property under, and which was conveyed by, a chattel mortgage. Judgment was for plaintiff, and defendant brings the cause here for review.

It is contended, among other things, that the judgment should be reversed on the ground that the complaint fails

to state a cause of action. The principal objection urged against the complaint is that no demand is alleged to have been made for the return of the property. The complaint, however, does allege that the "defendant wrongfully keeps and detains said property." There having been a verdict, this allegation will be deemed to include, by implication, one of a demand and refusal. In *Hurd v. Simonton,* 10 Minn. 423, the court said:

"The general allegation in this case is, 'that the defendant *wrongfully* detains,' etc. And although this may be to some extent a statement of a conclusion of law, we are inclined to hold it sufficient after verdict. For if a demand and refusal were necessary in order to make the detention wrongful, then the fact of such demand and refusal is implied in the general allegation which could not be sustained without proof of such fact."

Viewing the matter of demand and refusal in this case, not as not pleaded at all, but as imperfectly pleaded, the defect was waived, also, by the admission in evidence, without objection, of a demand and refusal. 31 Cyc. 723.

Another objection raised to the complaint is that there is no allegation of the value of the property at the time of bringing of the action. Any defect of the complaint in this respect is cured. In answering the allegation of value the defendant, in his pleading, admitted that the value of the property "has been at all times" $234.00. The verdict, also, fixed the value, at time of trial, at $234.00.

It is contended that a demand for the return of the property was not proven. The abstract, however, disposes of this contention, as, according to 'the same, the plaintiff testified that she made a demand for the property and that the defendant "refused to deliver it."

The plaintiff in error further contends that there was a fatal variance between the proof and the allegations of the complaint, in that while the complaint alleges that plaintiff is the owner of the property, the proof shows that she is entitled to the possession only as a chattel mortgagee. Proof of the right of possession sustains a general

allegation of ownership, and there is no fatal variance. *Schmidt & Ziegler v. First National Bank of Denver,* 10 Colo. App. 261, 50 Pac. 733; 34 Cyc. 1500.

Complaint is made of the introduction in evidence of the chattel mortgage on the ground that the acknowledgment thereof was taken by a party identified with the transaction. The parties in this action are the parties to the chattel mortgage, and as to them the mortgage is valid, and, with proof of execution, admissible in evidence either with a defective acknowledgment or without any acknowledgment. *Morse v. Morrison,* 16 Colo. App. 449, 66 Pac. 169; 11 C. J. 479; 11 C. J. 773.

It is contended that the court erred in granting a non-suit as to defendant's two counterclaims. The evidence does not show any counterclaim against the plaintiff, though it may disclose some claim against the husband of plaintiff. We find no error in this connection.

The issue of payment of the notes, which the chattel mortgage was given to secure, was submitted to the jury by proper instructions, and the evidence was sufficient to sustain the verdict.

It is claimed that the affirmative allegations of the amended answer were admitted because the replication was not verified. Failure to verify is a defect that may be waived. 31 Cyc. 732. In the instant case, it was waived by going to trial without raising the objection, and even the absence of a reply would be thus waived. *Paulson v. Bergman,* 62 Colo. 93, 160 Pac. 189.

We find no reversible error in the record. The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.