**72 P.(2d) 623**

### PUCKETT v. WALZ.

No. 4245.

Supreme Court of New Mexico.
Sept. 4, 1937.

Rehearing Denied.
Oct. 11, 1937.

William A. Gillenwater, of Hot Springs, for appellant.

Edward D. Tittmann, of Hillsboro, for appellee.

SADLER, Justice.

This appeal is prosecuted from a final judgment of the district court of Sierra county permanently enjoining the appellant (defendant below) as justice of the peace for precinct No. 6 of Sierra county from "issuing any writ of forcible entry and detainer or any writ of possession or any other writ designed to remove" from certain premises the defendant in a proceeding in forcible entry and detainer theretofore pending before said justice of the peace "or to enforce in any way whatever the judgment heretofore in said cause entered." A statement of the other proceeding before appellant as justice of the peace aforesaid is necessary to an understanding of the issues here involved.

On February 17, 1936, one Ada A. Wolf, as owner of said premises, sued in forcible entry and detainer before appellant as justice of the peace aforesaid for possession of the premises mentioned, naming as defendant Mrs. J. H. Puckett, wife of the appellee here. At the trial of this proceeding a judgment was entered in favor of plaintiff in such proceeding for possession of the premises and for damages in the sum of $100. The defendant in said proceeding, Mrs. Puckett, gave notice of appeal and had the justice court fix the amount of the appeal bond. The appeal was never perfected, but before the time therefor had expired the appellee herein, J. H. Puckett, had instituted the present suit and secured a temporary injunction restraining enforcement of said judgment, which temporary injunction was subsequently made permanent as aforesaid.

The grounds of attack on the judgment of the justice of the peace were two: First, the absence of a verification to the complaint as prescribed by 1929 Comp., § 54-104; and, second, that the complaint filed with the justice of the peace failed to state a cause of action in forcible entry and detainer. No objection was taken to the complaint on these grounds at the trial before the justice of the peace. Apparently, the defect relied on in the complaint was a failure to aver an unlawful entry and that plaintiff was entitled to possession. It does allege that plaintiff is owner of the prem-

ises, describing them, and that the defendant in such action unlawfully and wrongfully withholds and detains possession thereof to plaintiff's damage, etc.

It is from the decree permanently enjoining the enforcement of said judgment of the justice of the peace that this appeal is prosecuted. The appellee's attorney has now filed his affidavit in this court reciting that Mrs. Ada Wolf, who was plaintiff in the forcible entry and detainer suit and who is claimed to be the real party in interest in this suit, took forcible possession of the premises in question after the injunction against the justice of the peace was made permanent, and is now in possession; that aside from the question of costs the only effect of setting aside the judgment appealed from would be to authorize enforcement of the justice's judgment restoring Mrs. Wolf to possession of the premises, which possession she already has; and as to costs in this suit, the appellee through her said attorney expressly remits all claim thereto in said affidavit. Accordingly, a motion to dismiss this appeal as presenting only moot questions accompanies the affidavit with a brief in support thereof.

The motion to dismiss will be denied. It is to be recalled that the judgment in forcible entry and detainer, aside from adjudging plaintiff in that suit entitled to immediate possession of the premises and directing removal of defendant therefrom, also awarded plaintiff damages in the sum

of $100. A mere waiver of costs in the present suit and the becoming moot of the question of possession through a transfer thereof to plaintiff in the forcible entry and detainer suit, pendente lite, would not render moot the question of damages awarded by the justice of the peace judgment. This conclusion is reached without determining whether the appeal presents moot questions in the respects asserted.

 Of course, if the justice's judgment be void for either of the reasons urged against it, the permanent injunction against its enforcement may be sustained. A settlement of that question takes us to the merits and may not be resolved on a motion to dismiss the appeal as presenting only moot issues.

 The judgment of the justice of the peace was not void because the complaint was not verified in compliance with Comp. 1929, § 54-104. Sanchez v. Luna, 1 N.M. 238. Cf. State v. Trujillo, 33 N.M. 370, 266 P. 922; State v. Martinez, 34 N.M. 112, 278 P. 210. See, also, Rourke v. Culbertson, 78 Okl. 185, 189 P. 533; Security Trust & Savings Bank v. Fidelity & Deposit Co., 184 Cal. 173, 193 P. 102.

Had the defendant in the justice court objected to the complaint because not verified, the justice of the peace would have been compelled to dismiss same in the absence of leave to amend. But she made no such objection. Sanchez v. Luna, supra, was a case where leave to amend by supplying an oath to the petition in the district

court was had after it was removed there on appeal. It was a forcible entry and detainer proceeding. The transcript showed no oath to the petition before the justice of the peace. The territorial Supreme Court in upholding power of the district court to allow the amendment said: "We are of the opinion that the power of the district court to exercise its discretion in giving leave to amend should not be withheld in cases of appeals, when it shall appear that the justice of the peace had jurisdiction of the subject-matter in controversy, and of the parties in the case. Should these two facts not exist, the proceedings would be a nullity."

■■ The territorial court thus did not regard absence of the oath in the justice court as rendering its judgment void. The action of the court in sustaining the amendment presupposed jurisdiction in the justice of the peace both of the subject-matter and of the parties, notwithstanding absence of the oath. We are not unmindful of the rule that the jurisdiction of the justice of the peace cannot be presumed and must appear affirmatively from the record. Territory v. Valencia, 2 N.M. 108; Tietjen v. McCoy, 24 N.M. 164, 172 P. 1144. This doctrine does not carry us to the extent of holding, however, that absence of an oath to a complaint in forcible entry and detainer is fatal to jurisdiction where the party entitled to complain does not object but, on the contrary, proceeds to trial as though the complaint were duly verified. Had the defendant in the justice court seen fit to prosecute her appeal instead of enjoining enforcement of the judgment, the plaintiff in such proceeding unquestionably would have had the right to amend the complaint by verifying same. Comp.1929, § 79-512. It would be a harsh rule to hold that by pursuing the extraordinary remedy of injunction by separate suit as against an appeal in the same proceeding the plaintiff could be defeated in the right to amend.

■■ Nor do we think there is merit in the contention that the complaint fails to state a cause of action, through failure to allege an unlawful entry, or specifically that plaintiff in such suit was entitled to possession. The defendant in the justice court was in under a lease. Her original entry was in all respects lawful. The case is, in reality, one for unlawful detainer after notice to quit for alleged violation of the terms of the lease. The allegation of unlawful entry, under such circumstances, would have been a pure legal fiction, although permissible. As already disclosed, the complaint alleged ownership of the premises, describing them, and, further: "That the defendant wrongfully and unlawfully withholds possession of the said premises from the plaintiff and wrongfully and unlawfully detains the same after due and legal notice to quit and give up peaceful possession thereof, to the plaintiff's damage in the sum of One Hundred Dollars. Wherefore plaintiff prays judgment for the immediate possession of the said

premises, her costs and the damages in the said sum of One Hundred Dollars."

While there is no specific allegation that the plaintiff in the detainer suit was entitled to possession, we think the allegation that defendant wrongfully and unlawfully detains and withholds possession from plaintiff implies an allegation that plaintiff is entitled to possession and, even though a conclusion, is sufficient after judgment. Lampman v. Lamping, 70 Colo. 167, 199 P. 418. Objection was not taken to the complaint at the trial on either of the grounds now urged against it. Had there been an objection, an amendment would have cured any technical insufficiency. While Comp. 1929, § 79-1201, prescribes a form of complaint in forcible entry and detainer suits in justice courts and a compliance therewith is sufficient (Springer v. Wasson, 23 N.M. 277, 167 P. 712), this does not mean that a departure from the prescribed form is fatal, if in substance a cause of action in forcible entry and detainer or in unlawful detainer is set forth in the complaint filed. We hold the complaint good against the objections now urged.

It follows that the judgment of the district court must be reversed with a direction to vacate same and dismiss the complaint in the cause in which this appeal originates. The appellant will recover his costs. It is so ordered.

HUDSPETH, C. J., and BICKLEY, BRICE, and ZINN, JJ., concur.